### W. L. CARWILE v. WM. M. CAMERON & COMPANY.

#### No. 1878. Decided December 9, 1908.

**Verdict—Judgment—Entry Nunc Pro Tunc.**

Upon the return of a general verdict in a cause on trial nothing is required of the judge but the merely ministerial duty of noting the fact on his docket (Rev. Stats., art. 1324); judgment is entered thereon without further action by him (Rev. Stats., art. 1325). Such judgment, if entry thereof is omitted, may, on motion, be entered nunc pro tunc as a subsequent term, though the return of the verdict was not noted on the docket at the time and no judgment thereon announced or noted, orally or otherwise, by the court. (Pp. 176, 177.)

Question certified on dissent from the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

*W. B. Carrington* and *Eugene Williams,* for appellant.—Some form of declaring or rendering a judgment during the term of court at which the verdict is found, is absolutely necessary to give force and effect to the verdict. Adjournment of the court without the declaration or rendition of judgment, being fatal to the verdict, leaves the court powerless to enter a judgment nunc pro tunc at any subsequent term of court. 1 Sayles' Rev. Stats., art. 1087 (1107); Wheeler v. Duke. 29 Texas Civ. App., 20; Smith v. Wofford, 16 Texas Ct. Rep., 815; Ft. Worth & D. C. Ry. Co. v. Roberts, 98 Texas, 42; Slayden & Co. v. Palmo, 90 S. W., 908; State v. Womack, 17 Texas, 237;

Watson v. Chappell, 19 Texas Civ. App., 685; Ximenes v. Ximenes, 43 Texas, 458; Cameron v. Thurmond, 56 Texas, 22; Rogers ·v. ·· East ·Line Lumber Co., 11 Texas Civ. App., 108.; Jett v. Farmers' . Bank, 76 S. W., 385; Black on Judgts., sec. 106. .

*Sleeper, Boynton & Kendall,* for defendant in error.—Where it ap- pears from the evidence that there was a trial at a former term of court resulting in verdict in general terms for defendant, and a motion for new trial is filed by plaintiff praying the court to set aside the judgment rendered on the verdict, which motion is by the court overruled, as shown by the notings on the motion docket, and no judgment is in fact entered during the term, such evidence is sufficient to warrant the court in granting a motion to enter judg- ment. nunc pro tunc at a subsequent term, although there be no other evidence that the court did in fact pronounce judgment on said verdict during the term at which same was returned. Lloyd v. · Brinck, 35 Texas, 1; Hume v. Schintz, 90 Texas, ·72; Sperling v. · Stubblefield, 79 S. W., 1172; Mills v..Paul, 30 S. W., 242.      : .

Mr. Justice Brown delivered the opinion of the court.

Certified question from the Court of Civil Appeals , of the· Third District. We copy from the opinion of the majority the following statement:                           .

"This suit was an action for debt brought by ·W. L. Carwile, as plaintiff, against William Cameron .& Company, a corporation, as· defendant. There was a jury trial which resulted in a verdict for the defendant which was rendered October 18, 1905. No judgment was entered of record during that term,, nor until the September term, 1906. On the 27th day of September, 1906, the defendant filed a motion asking to have a judgment *nunc pro tunc* entered upon the minutes of the court. After giving the style of the· case that ·motion reads as follows:                  .               ‘

" ‘Now comes Wm. Cameron & Company, Inc., defendant in the above numbered and entitled cause, and moves the .court to grant an order in the above numbered and entitled cause, authorizing the entry on the minutes of this court of a judgment *nunc pro tunc.* · In con- nection with this motion said defendant shows to the court the. fol- lowing facts:

" ‘1. That a trial in this cause was entered into in this court on the 12th day of October, 1905, before a jury, of which C. M. Hubby. was subsequently chosen as foreman, and said trial lasted until the 13th day of October, 1905, when said jury was instructed by· the court as to the issues in said cause, the written charge so given· being ፡ ፡ a filed record in this cause showing that same was filed on· said last date.                             . ፡ .

" ‘2. That said jury afterwards returned into open court during said term the following verdict: ‘We, the jury, find for the defend- ant. C. M. ·Hubby, foreman.’ Which said· verdict was received and . the same appears written on the said charge of the court, and is one of the records in this cause.

" ‘3,. That almost immediately ·after the rendition and. acceptance

of said verdict by the court, the defendant's attorney prepared a form of judgment in accordance with said verdict, and which on or about the 20th day of October, 1905, was submitted for examination to plaintiff's attorneys of record in this cause, and the same was duly approved by said attorneys by the following pencil memorandum on said form of judgment: 'O. K. Eugene Williams, W. B. Carrington, Attys. for pltf.' That said draft of judgment is marked Exhibit 'A,' and is hereto attached, with said approval thereon, and is asked to be taken as a part of this motion.

" '4. That after the rendition and acceptance of said verdict as aforesaid, and within two days thereafter, said attorneys for plaintiff filed their motion for new trial in said cause, the same being filed on October 20, 1905, and the last paragraph of said motion of plaintiff for new trial reads as follows: 'Wherefore, plaintiff prays that the judgment heretofore rendered herein October 18, 1905, for defendant be set aside and that plaintiff be granted a new trial herein by reason of the foregoing errors.'

" '5. That afterwards during said term, and on, to wit: The 6th day of December, 1905, plaintiff filed an amended motion for new trial, setting out additional grounds why a new trial should be granted; said amended motion for new trial was presented and overruled by the court on the 6th day of December, 1905.

" '6. That the entry on the court's trial docket, overruling said amended motion for new trial bears date December 6, 1905, and reads as follows: 'Pltfs. amended motion for new trial overruled; plffs. except & give notice of appeal; twenty days after adjournment granted to file statement of facts, bill of exception.'

" '7. That only during the present term (September term, 1906), of this court did the attorneys for defendant learn that said judgment had not been entered on the minutes of said court; and this fact was learned less than ten days before the filing of this motion.

" 'Based upon the above and foregoing facts defendant moves the court to now enter said judgment in form as approved by plaintiff's attorneys being the form hereto attached and shown in Exhibit 'A.'

> Boynton & Boynton,
> Attorneys for Defendant.

Before the undersigned authority this day personally appeared J. E. Boynton, a member of the firm of Boynton & Boynton, attorneys of record for defendant in the above numbered and entitled cause, who after being duly sworn on oath says that he is conversant with the facts stated in the foregoing motion, and that the statements therein contained are true.

> J. E. Boynton.

Subscribed and sworn to before me by said J. E. Boynton on this 27th day of September, 1906.

> W. H. Lastinger,

(Notary Seal.)      Not. Pub. McLennan County, Texas.

W. L. Carwile
    v.                                              No. 3051.
Wm. Cameron & Co., Inc.

" 'On this, the 12th day of October, 1905, at a regular day of said term this cause came on for trial, and came the plaintiff and defendant by their attorneys and announced ready for trial. And also came a jury composed of C. M. Hubby and eleven others, good and lawful men, who was duly and legally selected, empaneled and sworn to try said cause, and who after listening to the pleadings, evidence, argument of counsel and charge of the court, retired to consider of their verdict, and afterwards, on, to wit, the 18th day of October, 1905, the trial having continued to said date, returned into open court the following verdict: 'We, the jury, find for the defendant. C. M. Hubby, foreman.' And said verdict was received by the court.

" 'It is therefore ordered, adjudged and decreed by the court that the plaintiff, W. L. Carwile, take nothing by this suit, and that the defendant, Wm. Cameron & Co., Inc., go hence without day and recover of the plaintiff all costs in this behalf expended, for which plaintiff may have its execution.

" 'It is further ordered that the officers of this court recover of the parties hereto the costs by them respectively incurred, for which execution may issue.

" 'Filed Sept. 27, 1906.'

"Plaintiff filed an answer to that motion which, omitting style of the case, reads as follows:

" '1.   Now comes plaintiff, W. L. Carwile, in the above numbered and entitled cause, and rebutting the motion of the defendant to enter judgment *nunc pro tunc,* says the same is insufficient in law, and of this prays judgment of the court.

" '2.   And for answer plaintiff denies all and singular the allegations of defendant therein, and asks that strict proof of same be required, except as to the matters hereinafter admitted. And for special answer says:

" '3.   That the verdict as recited in paragraph 2 of defendant's said motion, written on the charge of the court, was returned into court by the jury, and was delivered by the foreman of the jury to the clerk, and by the clerk read in open court; that the trial judge then asked the jury if it was their verdict, and the jury replied that it was; that the court then stated that the verdict would be received by the court, and discharged the jury; that no other act or thing was done and no other word was spoken by the judge concerning the verdict or the judgment to be rendered thereon, and no record entry of any character was made on the docket or elsewhere by the judge or court as to said verdict or judgment to be rendered thereupon during the term at which the case was tried and the verdict returned; that no other entry of any character appears on any record or paper as to said verdict or judgment except the verdict written by the foreman of the jury on the charge of the court and the form of judgment attached to defendant's said motion as Exhibit 'A;' and said Exhibit 'A' was not seen or read by the judge or court before the term of court at which the case was tried adjourned, and the judge did not verbally or otherwise render a judgment upon said verdict during said term.

" 'That the expression quoted by defendant in 4th paragraph of

its motion from plaintiff's original motion for new trial is truthfully quoted, but plaintiff here alleges that the facts are as stated in defendant's motion to enter judgment *nunc pro tunc* and as herein stated, and he now prays that the word 'judgment' be read as if written 'verdict' in said original motion for new trial, the word 'judgment' being inadvertently used therein and plaintiff did not know that any judgment had or had not been rendered, but assumed that a judgment had been rendered.

"'Wherefore, plaintiff says no judgment should be or can now be entered herein on said verdict.

Eugene Williams,
W. B. Carrington,
Attorneys for Plaintiff.

The State of Texas,
County of McLennan.

"'I, Eugene Williams, do state on oath that I am one of plaintiff's attorneys and have reason to believe and do believe and thereupon swear that the foregoing special answers are true, and pray that evidence of the truth thereof may be offered on the trial of said motion, and state that the last lines of said special answers are pasted to this page before signing this affidavit.

"'Affiant, Eugene Williams.

Sworn to and subscribed before me by the foregoing affiant this, the 1st day of October, A. D. 1906.

   (Seal.)

R. V. McClain,
Clk. D. C. McL. Co., Tex.

Filed Oct. 1, 1906.
R. V. McClain, Clk. D. C. McL. Co., Tex.'

"The bill of exception taken by the plaintiff and granted by the court recites and states, 'That upon the hearing of said motion and answer and evidence thereupon introduced, the court found as a conclusion of fact that all the allegations in said motion and said rebutting special answers are true, and that in sustaining defendant's said motion and in ordering judgment to be entered *nunc pro tunc,* each ruling was made by the court upon the facts stated in said motion and answer, and not upon any other fact or facts known to or remembered by the court, and no other facts deemed by the court material to the issue herein were or are known to the court.'

"The court granted the motion and entered the judgment *nunc pro tunc.*"

The majority of the court held that the district judge erred by entering the judgment *nunc pro tunc.* Chief Justice Fisher dissented, and the court certified to this court the point of dissent in two questions as follows:

"1. Whether the facts stated were sufficient to justify the trial court in entering the judgment *nunc pro tunc?*

"2. We formally certify the dissent herein, and ask which of the two opinions correctly disposes of this question?"

· We agree with Chief Justice Fisher in his conclusion that the facts stated in the motion are sufficient to authorize the court to enter the judgment *nunc pro tunc*. Witten v. Robison, 31 Mo. App., 525. The case cited was very much like the one under consideration, in which the court said: "These facts appearing of record, viz.; the verdict of the jury, the filing and overruling of the motions for new trial, and in arrest of judgment, were such as to necessarily and as a legal consequence result in the judgment directed *nunc pro tunc*. From these facts, in connection with the fact that no other judgment was entered of record, I think that it must be presumed that the court ordered the judgment which was their necessary consequence."

Article 1323, Revised Statutes, directs the manner in which the jury shall make up and sign their verdict and return the same into court, and article 1324 prescribes the action to be taken by the judge upon receipt of the verdict.

"Article 1324. The clerk shall read the verdict aloud, and shall inquire of the jury if such is their verdict; if any juror disagrees to the verdict, the jury shall be sent out again, but if no disagreement is expressed, and neither party requires the jury to be polled, the court shall (except in the cases hereinafter provided for) · receive the verdict and enter a minute thereof on the docket, and the jury shall be discharged."

It will be seen that the only thing which the judge is required to do is to enter upon his docket the fact that the verdict was returned into court. Evidently this is merely a ministerial act which the judge is bound to perform upon receiving the verdict. He has no discretion, but must make the entry upon the docket, and this having been done, article 1335 prescribes what judgment shall be entered:

"Article 1335. The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity."

Article 1333 of the Revised Statutes so far as applicable to the facts of this case reads as follows: "The jury shall render a general or special verdict, as shall be directed by the court at the request of a party to the suit, and the verdict shall comprehend the whole issue or all the issues submitted to them; and upon a trial by the court the judge shall, at the request of either of the parties, also state in writing the conclusions of facts found by him separately from the conclusions of law, which conclusions of fact and law shall be filed with the clerk and shall constitute a part of the record; and in all cases where a special verdict of the jury is rendered or the conclusions of fact found by the judge are separately stated, the court shall, unless the same be set aside and new trial granted, render judgment thereon." The distinction between the action required of the judge in case of a general and special verdict is very plainly expressed in these articles. Of a general verdict the judge has nothing to do but simply enter upon his docket the fact of the return of the verdict and judgment follows as a matter of course, but in case of special verdict, the judge receives the verdict and passes upon it, determining what the judgment shall be and renders judgment

thereon, that is, pronounces the judgment which the clerk shall enter upon record. The reason is plain; upon a general verdict for the plaintiff or defendant there is no need for any action of the court, as the law determines what the judgment shall be, but in case of special verdict, the facts being found by the jury, it is necessary for the court to announce the judgment, the legal conclusion thereon, because the law is not determined by the special verdict, nor are the rights of the parties fixed thereby.

In Lloyd v. Brink, 35 Texas, 1, the court held that the rendering of judgment is a ministerial act on the part of the judge and that a mandamus would lie to compel him to enter judgment in conformity to a general verdict. We understand the practice to be for the clerk to enter judgment upon a general verdict without a formal announcement by the judge, which practice conforms to the statute. If the clerk fails to perform his duty during the term, the judge may at a subsequent term direct the entry to be made *nunc pro tunc.*