337, 338, and notes; Cook v. Grange, 18 Ohio, 526; Brown v. Wood, 121 Mass. 137; Maynard v. Vinton, 59 Mich. 139 [26 N. W. 401, 60 Am. Rep. 276]; Jacobs v. Hesler, 113 Mass. 157; Hitchcock v. Moore, 70 Mich. 112 [37 N. W. 914, 14 Am. St. Rep. 474]; Smith v. Potter, 27 Vt. 304 [65 Am. Dec. 198]; Brock v. Brock [116 Pa. 109], 9 Atl. 486. The above list of cases is cited in Gant's Case, supra."

It is contended by appellant in his bill of exceptions that state's counsel's argument was harmful, prejudicial, inflammatory, and clearly inadmissible from any standpoint. We agree with his contention.

For the reasons indicated, the motion for rehearing is granted, the affirmance set aside, and the judgment reversed, and the cause remanded.

MORROW, J., concurs.

PRENDERGAST, J. I respectfully protest and dissent. The original opinion by the whole court at the time is unquestionably correct. The motion should be overruled, and the judgment affirmed; it should not be reversed.

---

CRAWFORD et al. v. EL PASO LAND IMPROVEMENT CO. (No. 668.)

(Court of Civil Appeals of Texas. El Paso. Feb. 8, 1917.)

INJUNCTION ☞136(2) — TEMPORARY INJUNCTION—ALLOWANCE.

Where the title to land on which improvements had been placed was in controversy, and a suit was pending, it was proper to enjoin appellants from removing or destroying any of the improvements until final determination of the suit.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 306.]

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action between the El Paso Land Improvement Company and L. M. Crawford, trustee, and others. From a decree temporarily enjoining the latter, they appeal. Affirmed.

Jones, Jones, Hardie & Grambling, of El Paso, for appellants. T. A. Falvey and J. F. Woodson, both of El Paso, for appellee.

HIGGINS, J. Appellant Crawford is the owner of a part of block 2 in city of El Paso, upon which is situate the Crawford Theater. Adjoining the same is property owned by appellee, upon which is situate the Angelus Hotel. The improvements adjoin each other. Litigation between the parties has arisen involving the title and right of possession to a part of the realty upon which a part of the improvements is situate. At the instance of appellee, the court has granted a temporary injunction restraining appellants from removing or tearing down any of the improvements upon the premises in dispute, and from interfering therewith, altering, or destroying the same or any portion thereof until the final determination of the cause. From this order, the parties enjoined prosecute this appeal. Upon an examination of the appellee's petition and the evidence adduced upon the hearing, we think the court properly granted an injunction as stated. The title to the land upon which a part of the improvements is situate, being in dispute, a temporary injunction was very properly granted to restrain any interference with or removal of the improvements until the issue of title could be finally adjudicated so as to preserve the status quo. We have considered the brief filed by appellants, and are of opinion it shows no reason why the action of the lower court should be set aside. The propositions presented are outside of any issue involved on this appeal. They relate to the merits of the right of recovery, and it would be improper to pass upon same in advance of the determination upon its merits of the issue of title. They have no proper place in determining the propriety of an order to maintain the status quo.

Affirmed.

---

FINNIGAN–BROWN CO. v. ESCOBAR et al. (No. 660.)

(Court of Civil Appeals of Texas. El Paso. Feb. 1, 1917. Rehearing Denied Feb. 22, 1917.)

1. JUDGMENT ☞273(1)—"NUNC PRO TUNC" ENTRY.

The purpose of a "nunc pro tunc entry" and its only legitimate function is to correctly evidence upon the records of the court a judgment, decree, or order actually made by it, but which for some reason has not been entered of record at the proper time.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 525, 530–534.

For other definitions, see Words and Phrases, First and Second Series, Nunc Pro Tunc.]

2. JUDGMENT ☞273(4)—NUNC PRO TUNC ENTRY.

A judgment nunc pro tunc should not be entered unless some proper and sufficient evidence be adduced to show that the court had in fact pronounced or entered the judgment which it is the purpose of the nunc pro tunc entry to correctly evidence.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 528.]

3. JUDGMENT ☞273(4)—NUNC PRO TUNC ENTRY.

Entry of a nunc pro tunc judgment, without evidence showing the same judgment had been in fact previously rendered, and with refusal of evidence offered to show that the proposed entry evidenced a judgment which in fact was not rendered, was error.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 528.]

4. JUDGMENT ☞273(6)—NUNC PRO TUNC ENTRY.

In action to recover title and possession of goods, where appeal from the judgment entered upon answers of the jury to special issues was

dismissed for want of finality in the judgment, the trial court upon return of the case could not enter nunc pro tunc a judgment varying materially from the prior judgment, merely upon the prior judgment and findings of the jury, and without further evidence or proceedings, since in case of a special verdict it is necessary for the court to announce the judgment thereon, because the law is not determined nor the rights of the parties fixed by such verdict, it not being sufficient to authorize nunc pro tunc judgment that the findings or prior judgment show what judgment should have been rendered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 535.]

5. JUDGMENT ⬖⟲273(1)—NUNC PRO TUNC ENTRY.

If there is simply a general verdict in a case, with failure to announce a judgment or a correct judgment thereon, such verdict alone authorizes the entry of a nunc pro tunc judgment, correctly pronouncing the legal consequences resulting from the verdict, since in such case the judge has nothing to do but simply enter upon his docket the fact of the return of the verdict, and judgment follows as a matter of course.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 525, 530–534.]

Error from District Court, El Paso County; Dan M. Jackson, Judge.

Suit by the Finnigan-Brown Company against Leon Escobar and another, to recover title and possession of goods, in which Winceslao Garcia intervened. Judgment for intervener, and plaintiff brings error. Reversed and remanded.

W. M. Coldwell and Jos. U. Sweeney, both of El Paso, for plaintiff in error. T. C. Lea, Jr., C. L. Vowell, and Walthall & Gamble, all of El Paso, for defendants in error.

HIGGINS, J. Finnigan-Brown Company brought suit against Leon Escobar and T. J. Woodside to recover the title and possession of certain hides. It caused a writ of sequestration to be issued, and the property in litigation was seized thereunder. It replevied the property and received possession thereof from the sheriff. Thereafter Winceslao Garcia, intervened, claiming the property in litigation adversely to all parties.

Upon trial before a jury, the cause was submitted upon special issues. The answers returned to the questions submitted found, in effect, that the property in litigation was owned by Finnigan-Brown Company, Garcia, and Martinez in the proportion stated in the answers, and also found the values of the different hides. Thereupon the court rendered and caused to be entered upon its minutes its judgment in the cause. Finnigan-Brown Company appealed from the judgment so entered, and the appeal was dismissed by this court for want of finality therein. 179 S. W. 1127. When the case was returned to the court below, the intervener, Garcia, filed a motion to have judgment entered nunc pro tunc on the verdict of the jury rendered in the case. Proper notice of this motion was had by all parties. Finnigan-Brown Com-

pany filed exceptions and an answer to the motion of Garcia. The exceptions questioned the sufficiency of the allegations of the motion, and the answer denied upon oath that the district court had ever rendered or pronounced any judgment in the cause other than the one from which it had theretofore attempted to appeal, and which was held by this court not to be a final judgment. The motion came on to be heard, and the exceptions of Finnigan-Brown Company to its sufficiency were overruled. Thereupon Garcia asked for judgment as prayed for in his motion, and Finnigan-Brown Company objected on the ground that they had denied under oath the merits of the motion, and demanded that evidence be produced in support of the motion, which evidence Garcia declined to produce or offer, and was sustained in so doing by the court on the ground that no evidence was requisite or advisable. Thereupon Finnigan-Brown Company offered to prove and tendered evidence that the court had never in truth and in fact rendered or pronounced the judgment which Garcia asked be entered nunc pro tunc, or any judgment other than that which this court had declared not to be a final judgment. Whereupon Garcia objected to the court receiving or hearing such evidence tendered by Finnigan-Brown Company, on the ground that the same was unnecessary, immaterial, and inadmissible, which objection was sustained by the court, and the court refused to receive or hear the tendered evidence, to all of which Finnigan-Brown Company excepted, and over its objection and exception the court then entered judgment finally disposing of all issues in the case, varying materially from the judgment previously entered in the case, and which was before this court upon a former appeal.

Thereupon Finnigan-Brown Company filed a motion, asking the court to file findings of fact and conclusions of law in so far as relates to the action of the court and the matters on which it based its action in ordering judgment to be then entered nunc pro tunc. This motion was overruled, and the court refused to file such findings and conclusions upon the ground that it was neither requisite nor advisable. Finnigan-Brown Company thereupon sued out this writ of error from the judgment entered nunc pro tunc, assigning as error: First, that the court erred in ordering the judgment to be entered nunc pro tunc as asked for upon the motion of Garcia without hearing evidence in support of the same; and, second, that the court erred in refusing to allow it to offer evidence to show that the judgment asked to be entered nunc pro tunc, and which was so entered, was never in truth and in fact rendered or pronounced, nor any other judgment rendered except that which this court had declared not to be a final judgment.

[1, 2] The purpose of a nunc pro tunc entry and its only legitimate function is to correctly evidence upon the records of the court a judgment, decree, or order actually made by it, but which for some reason had not been entered of record at the proper time. A judgment nunc pro tunc should not be entered unless some proper and sufficient evidence be adduced to show that the court had in fact pronounced or rendered the judgment which it is the purpose of the nunc pro tunc entry to correctly evidence.

[3] Here, as the bill of exception shows, the court not only failed to require the production of some evidence to show that it had in fact rendered the judgment which it was then proposed to enter upon its minutes, but it refused to receive evidence offered to show that the proposed entry evidenced a judgment which was not in fact rendered. This was error. Reed v. Robertson, 106 Tex. 56, 156 S. W. 196; Frank v. Tatum, 23 S. W. 311; Camoron v. Thurmond, 56 Tex. 22; Wheeler v. Duke, 29 Tex. Civ. App. 20, 67 S. W. 909; Coleman v. Zapp, 105 Tex. 491, 151 S, W. 1040; Moore v. Irrigation Co., 179 S. W. 552.

But defendants in error say:

"There could be no stronger proof that the judgment in this case as rendered disposed of Finnigan-Brown Company and awarded special hides than the fact that the verdict of the jury did so unequivocally. The court had authority to correct the judgment of its own motion without any action on the part of the parties merely on an inspection of the verdict contained in the record."

[4, 5] It is very true the answers of the jury to the special issues submitted to them very unequivocally found that Finnigan-Brown Company, or their agent, was in possession of a certain number of the hides sued for and the value thereof, and the same finding was made as to Martinez and Garcia. But these findings of fact by the jury do not show what judgment was in fact pronounced by the court upon the same, or that the entry proposed to be made nunc pro tunc correctly evidenced the judgment which was in fact rendered. It is not sufficient that the findings should show the judgment which should have been rendered. There must be evidence of what judgment was in fact pronounced. If there had been simply a general verdict in the case, such verdict alone would have authorized the entry of a nunc pro tunc judgment pronouncing the legal consequence resulting from the verdict. In such a case— "the judge has nothing to do but simply enter upon his docket the fact of the return of the verdict, and judgment follows as a matter of course, but in case of special verdict, the judge receives the verdict and passes upon it, determining what the judgment shall be, and renders judgment thereon; that is, pronounces the judgment which the clerk shall enter upon record. The reason is plain; upon a general verdict for the plaintiff or defendant there is no need for any action of the court, as the law determines what the judgment shall be, but in case of special verdict, the facts being found by the jury, it is necessary for the court to announce the judgment, the legal conclusion thereon, because the law is not determined by the special verdict, nor are the rights of the parties fixed thereby." Carwile v. Cameron & Co., 102 Tex. 171, 114 S. W. 100.

So the special verdict returned in this case does not show the judgment which was in fact rendered in response to the findings. It was sufficient to show what judgment should have been rendered, but that is not the point.

Again, defendants in error say:

"The recitals in the original judgment of themselves furnished sufficient data upon which to dispose of Finnigan-Brown Company, and upon which to make an alternative award of hides or their value in the manner accomplished by the amended judgment."

That, too, is true, but the fact remains that the judgment as originally entered did not dispose of all issues and make the alternative award of the hides or their value to the various parties entitled to the same as shown by the facts found. The nunc pro tunc entry varies materially from the original judgment entry.

It is not at all a question of whether there was sufficient data before the court to enable it to determine what judgment he should have rendered. The question is, Did the court in fact render the judgment which the nunc pro tunc entry evidences, and is there any proper evidence to show that such was the fact? The record here fails to show such judgment to have been in fact rendered. It shows that no evidence was received in support of the entry, and evidence was rejected, showing that the entry would evidence a judgment which in fact had not been pronounced. This necessitates a reversal.

It thus becomes unnecessary to pass upon the assignment which complains of the court's refusal to file his findings of fact and conclusions of law relating to its action in making the nunc pro tunc entry.

Reversed and remanded.