TEXAS & N. O. R. CO. v. TURNER.
(No. 189.)

(Court of Civil Appeals of Texas. Beaumont. March 28, 1917.)

1. TRIAL ⟨Key⟩392(2)—FINDINGS AND CONCLU- SIONS—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1989, requiring trial judge on request to state in writing the conclusions of fact found by him separate from the conclusions of law, which conclusions of fact and law shall be filed with the clerk and constitute part of the record, and article 2075, providing that the judge of the district or county court shall·have ten days after adjournment of the term at which the case was tried to prepare his findings and conclusions, they cannot be filed within ten days after the end of the subsequent term at which judgment nunc pro tunc was entered, so that a request to file findings and conclusions made at the trial was seasonable, and the failure to file them was reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 917.]

2. JUDGMENT ⟨Key⟩273(4)—ENTRY NUNC PRO TUNC—GROUNDS.

A judgment nunc pro tunc should not be entered unless some proper and sufficient evi- dence be adduced to show that the court had in fact announced or rendered the judgment which it is the purpose of the nunc pro tunc entry to correctly evidence; as the purpose of a nunc pro tunc entry and its only legitimate function is to correctly evidence from the. records of the court a judgment, decree, or order actually made by it, but which for some reason has not been entered of record at the proper time.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 528.]

Error from Orange County Court; D. C. Bland, Judge.

Suit by J. S. Turner against the Texas & New Orleans Railroad Company. Judgment for plaintiff, and defendant brings error. Re- versed and remanded.

See, also, 182 S. W. 357.

Baker, Botts, Parker & Garwood, of Hous- ton, and Orgain, Butler & Bolinger, of Beau- mont, for plaintiff in error. Bisland & Bruce, of Orange, for defendant in error.

BROOKE, J. Defendant in error instituted this suit on the 23d day of December, 1914. The suit was for damages against plaintiff in error for the killing of three mules and in- juring one mule. The case was tried at the January term, 1915, of the county court of Orange county, and resulted in a judgment in favor of the defendant in error. On ap- peal, the judgment was reversed, and the cause remanded, and on the 18th day of April, 1916, the cause again went to trial before the court, a jury having been waived. The issues were made under the original petition filed on December 24, 1914, and the original answer of plaintiff in error, filed on January 4, 1915, and at the April term, 1916, the court pronounced judgment in favor of the defendant in error for $630. On the 22d day of April, 1916, plaintiff.in error filed its amended motion for new trial, which was on

the same day overruled, and on the same day, to wit, April 22, 1916, plaintiff in error filed a request for findings of fact and con- clusions of law by the trial judge. On May 26th, plaintiff in error filed his bill of excep- tion to the court's failure to file his findings of fact and conclusions of law. On the 6th day of July, 1916, at a subsequent term of the court, to wit, the July term of said court, plaintiff in error filed its motion for the entry of judgment nunc pro tunc, and on the same day the court sustained said motion and ordered a judgment entered nunc pro tunc, which judgment was duly entered upon the 6th day of July, 1916. After the entry of the judgment at the July term of the court, the plaintiff in error filed no additional re- quest for findings of fact and conclusions of law. In other words, plaintiff in error did not renew its former request, and the court, at its July term, as above stated, did not file any findings of fact and conclusions of law. No bill of exception to the failure of the court to file his findings of fact and conclu- sions of law within ten days after the ad- journment of the July term of the court was filed. Thereafter, on the 10th day of Octo- ber, 1916, plaintiff in error filed its petition for writ of error, which petition was duly served upon defendant in error.

The first and second assignments of error are as follows:

(a) "The court erred to the prejudice of de- fendant herein in failing and refusing to file in this case, within the time and in the manner pro- vided by law, its findings of fact and conclusions of law, a request that the court make and file said findings and conclusions having been duly made by the defendant, as shown by defendant's bill of exception No. 1, and injury resulting to the defendant by the court's failure to do so."

(b) "The judgment herein rendered is errone- ous and prejudicial to the defendant, in that it is not supported by any findings of fact, al- though findings of fact were requested to be filed in the case by the defendant."

The bill of exception to the action of the court is as follows:

"Be it remembered that the above cause came on for trial in the county court of Orange coun- ty, Tex., before Hon. D. C. Bland, judge of said court, on Tuesday, April 18, 1916, same being at a regular term of the county court of Orange county, Tex., and same being regularly set and called for trial in its order upon the docket of said court on said 18th day of April, A. D. 1916.

"Be it further remembered that the trial of said cause before Hon. D. C. Bland, judge of said court, without the intervention of a jury, continued from the morning of said 18th day of April, A. D. 1916, until noon of the next day, April 19, 1916, at which time a judgment was rendered in favor of the plaintiff and against defendant for the sum of $630 and all costs of court.

"Be it further remembered that on the 22d day of April, 1916, which said 22d day of April was the last day of the said April term of said county court of Orange county, the defendant, Texas & New Orleans Railroad Company, filed in said cause its first amended motion for new tri- al, in lieu of its original motion for new trial which had been filed in said cause on April 19,

1916; that said first amended motion for new trial was called to the attention of the court by counsel for defendant in open court on said 22d day of April, A. D. 1916, and was by the judge presiding, Hon. D. C. Bland, in all things overruled, to which action of the court in overruling said motion for new trial the defendant then and there in open court duly excepted, and in open court gave notice of appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas, at Beaumont, Tex.

"Be it further remembered that on said 22d day of April, 1916, after the overruling of defendant's said first amended motion for new trial, and after defendant, through its attorneys had in open court given notice of appeal, as hereinabove set out, the defendant, Texas & New Orleans Railroad Company, filed in said cause by and through its attorneys of record its written motion, in which motion said defendant moved and requested Hon. D. C. Bland, Judge presiding in said cause, to prepare and file therein, as provided by law, his findings of fact and conclusions of law, which said motion for findings of fact and conclusions of law was then and there on the 22d day of April, A. D. 1916, called to the attention of the judge presiding, Hon. D. C. Bland, by counsel for the defendant, Texas & New Orleans Railroad Company.

"Be it further remembered that the said April term of the county court of Orange county, Tex., at which term the cause styled and numbered as above was tried, expired by operation of law at midnight on said 22d day of April, A. D. 1916, and that thereafter, to wit, on the —— day of April, A. D. 1916, and within ten days from and after said 22d day of April, 1916, Chas. T. Butler, one of the attorneys of record for the defendant, Texas & New Orleans Railroad Company, in the above styled and numbered cause, requested said Hon. D. C. Bland, in chambers at the courthouse in Orange county, Tex., to make and file his findings of fact and conclusions of law in said cause, in pursuance of the motion for findings of fact and conclusions of law to be filed in said cause, as provided by law, by the judge trying said cause, within ten days from the expiration of the term of court at which said cause was tried.

"Be it further remembered that Hon. D. C. Bland, judge of the county court of Orange county, Tex., who presided upon the trial of said cause, failed to file among the papers of said cause, or with the clerk of said court, within the time provided by law, viz. ten days from and after said 22d day of April, A. D. 1916, his findings of fact and conclusions of law, as requested in writing by the defendant, Texas & New Orleans Railroad Company, to which action of said Hon. D. C. Bland, in failing and refusing to file in said cause, within said time his findings of fact and conclusions of law, as requested by the defendant, the defendant, Texas & New Orleans Railroad Company, excepts, and here and now tenders this, its bill of exception, complaining of the action of Hon. D. C. Bland, in failing to file such findings of fact and conclusions of law within said time, and prays that this, its bill of exception to the action of the court, be in all things examined, approved, and settled, and ordered filed as a part of the record in this cause.

"This the 26th day of May, A. D. 1916.

"Respectfully submitted, Hightower, Orgain & Butler, Attorneys for Defendant, Texas & New Orleans Railroad Company.

"In chambers, Orange, Texas, this the 26th day of May, A. D. 1916.

"The foregoing bill of exception being presented this day in chambers, same is examined and is in all things approved and ordered filed as a part of the record in this cause. D. C. Bland, Judge of the County Court, Orange, County, Texas."

No findings of fact or conclusions of law were ever filed by the court.

[1, 2] Article 1989 of Vernon's Sayles' Texas Civil Statutes, provides:

"Upon a trial by the court, the judge shall, at the request of either of the parties, state in writing the conclusion of fact found by him, separately from the conclusions of law; which conclusions of fact and law shall be filed with the clerk and shall constitute a part of the record."

Article 2075, Vernon's Sayles' Texas Civil Statutes, provides:

"The judge of any district or county court shall have ten days after *adjournment of the term* at which a cause may be tried in such court in which to prepare his findings of fact and conclusions of law in cases tried before the court, when demand is made therefor." (Italics ours.)

Defendant in error has filed a very able, elaborate, and ingenious brief, to the effect that the trial is not finally ended until the entry of said judgment, and the plaintiff in error has the right to then request findings of fact and conclusions of law, and a failure to request such findings of fact and conclusions of law at said time is a waiver of his right to demand such findings, and we are cited to a long list of authorities to sustain their proposition. We do not believe that the authorities cited sustain the proposition that findings of fact and conclusions of law could be filed within ten days after the end of the term at which the judgment nunc pro tunc was entered, and that the cases cited merely hold that the time for perfecting appeal, filing bills of exception and statement of facts, relate from that time, and that it has not been held, and we do not understand how it could be held, by the appellate courts that the filing of the findings of fact and conclusions of law apply, for the reason that the statute itself is, as quoted above, that the findings of fact and conclusions of law shall be filed within ten days from the end of the term *at which the case was tried.*

As stated in the case of Finnigan-Brown Company v. Escobar et al., 192 S. W. 258, the purpose of a nunc pro tunc entry, and *its only legitimate function*, is to correctly evidence upon the records of the court a judgment decree or order actually made by it, but which, for some reason, had not been entered of record at the proper time. A judgment nunc pro tunc should not be entered unless some proper and sufficient evidence be adduced to show that the court had, in fact, announced or rendered the judgment which it is the purpose of the nunc pro tunc entry to correctly evidence. In the case of Wandry v. Williams, 103 Tex. 94, 124 S. W. 85, Chief Justice Gaines, handing down the opinion, says:

"In regard to the third question, we fail to see how a mandamus would be applicable to the case. *After ten days have elapsed from the adjournment of the court, the power of the trial judge to file conclusions of fact and law ceases.* We do not perceive how in so short a time a mandamus suit could be instituted and prosecuted to a recovery. Besides the trial judge, hav-

ing ten days after adjournment to file his conclusions, the party * * * cast in the suit may not know until the time has elapsed that he will not do so."

We have carefully considered the brief of the defendant in error, and we hold that the plaintiff in error seasonably filed his motion with the trial court to file his findings of fact and conclusions of law, and the fact that the court refused to file his findings of fact and conclusions of law was error, which necessitates a reversal of this cause.

Reversed and remanded.

HIGHTOWER, C. J., recused and not sitting.