## GLASSCOCK v. PICKENS et al.
### No. 3031.

Court of Civil Appeals of Texas. El Paso.
June 28, 1934.

Rehearing Denied July 26, 1934.

M. Neal Smith and Banks & McLemore, all of Longview, and Banks & Banks, of Houston, for appellant.

Wynne & Wynne, of Longview, for appellees.

PELPHREY, Chief Justice.

Appellees brought this suit in the county court of Kaufman county against R. B. Wherry, T. C. Means, Jr., Wm. Moore, I. L. Brin, and O. G. Glasscock, seeking contribution in the amount of $829.36, alleged to be their proportion of attorney's fees incurred by appellees in the partition of a mineral lease located in Gregg county. The term of court at which the case was tried, according to the caption appearing in the transcript, began on the 17th day of July, 1933, and ended on the 9th day of September, 1933. The cause was tried before the court and from recitals in the judgment the hearing was had on July 28, 1933, but the court took the case under advisement and did not render judgment until the 18th day of September, 1933, several days after the term of court had ended. There appears a notation on the margin of the transcript to the effect that the judgment was entered on July 28th. Supersedeas bond was filed on October 3, 1933.

A judge has no power to adjudicate the rights of litigants except at times prescribed by law for holding court, unless special authority to do so is conferred by statute. Sinclair Refining Co. v. McElree (Tex. Civ. App.) 52 S.W.(2d) 679, and authorities cited.

It follows, therefore, that this judgment, being rendered at a time when the term of court had expired, was void, unless the entry on September 18, 1933, was a nunc pro tunc entry of a judgment which had been rendered in term time.

A reading of the judgment itself, however, shows that no decision was ever reached by the trial court as to the rights of the parties until the 18th of September; consequently, there can be no question here of a nunc pro tunc entry of the judgment.

Furthermore, rule 66 for district and county courts provides that, when a cause has been submitted for trial to the judge on the law and the facts, it shall be determined and judgment rendered therein during the term at which it has been submitted, and at least two days before the end of the term, if it has been tried and submitted one day before that time, unless it is continued after such submission for trial, by the consent of the parties placed on the record.

The judgment here rendered is in direct violation of that rule, and must be reversed. March v. Huyter, 50 Tex. 250; Camoron v. Thurmond, 56 Tex. 22; Rouff v. Boyd (Tex. Civ. App.) 16 S.W.(2d) 403.

There being no valid judgment in the trial court, the judgment must be reversed, and the cause remanded.