## TEXAS & P. RY. CO. v. BUSSING.
### No. 3840.

Court of Civil Appeals of Texas. El Paso.

June 1, 1939.

Frank C. Bolton, Jr., and Bramlette; Levy & Dotson, all of Longview, for appellant.

T. G. Jackson and Louis M. Hitch, both of Longview, for appellee.

HIGGINS, Justice (after stating the case as above).

The entry of a judgment nunc pro tunc at a subsequent term of court is not authorized, unless a judgment was actually rendered at the previous term of the court. A judgment nunc pro tunc presupposes a judgment previously actually rendered at the proper time, but not entered of record. 25 Tex.Jur., Judgments, Sects. 68 and 70;

Hannon v. Henson, Tex.Com.App., 15 S. W.2d·579; Camoron v. Thurmond, 56 Tex. 22; Finnigan-Brown Co. v. Escobar, Tex. Civ.App., 192 S.W. 256; Waggoner v. Davis, Tex.Civ.App., 261 S.W. 482; Texas & N. O. R. Co. v. Turner, Tex.Civ.App., 193 S.W. 1087; Frick-Reid Supply Co v. Jones, Tex.Civ.App., 286 S.W. 650.

But the action of the Court in ordering the entry of the judgment nunc pro tunc is presumptively correct. In the absence of evidence to the contrary this Court must assume the facts authorized the entry. Hannon· v. Henson, supra. Appellant calls attention to certain allegations contained in the motion for judgment nunc pro tunc as evidencing the fact that no judgment was actually rendered at the March Term of the Court, but we do not regard such allegations as so showing.

Issue No. 9 reads: "What was the actual loss in money sustained by the owner on account of being deprived of the dog?" The jury answered $150, for which amount judgment was rendered.

There is no evidence the dog had no market value. Dogs ordinarily have no such value. (Gulf, C. & S. F. R. Co. v. Blake, 43 Tex.Civ.App. 180, 95 S.W.·593), but this is not true of all dogs. Dogs of good breed and pedigree usually have a market value. It is alleged the dog in question was "a female Boston Terrier of high breed and pedigree." Plaintiff testified he paid $75.00 for the dog's mother and litter. In order for plaintiff to recover the actual or intrinsic value of the dog it was incumbent upon him to show it had no market value. Young's Bus Lines v. Redmon, Tex.Civ.App., 43 S.W.2d 266; Gulf, C. & S. F. R. Co. v. Roberts, Tex.Civ.App., 85 S.W. 479.

Having failed to do so, it was error to submit the issue quoted as the measure of plaintiff's damage. See cases last cited.

Appellant's assignment and proposition raising this question are sustained.

Appellant's fourth proposition presents no error. Chicago R. I. & G. R. Co. v. Scott, Tex.Civ.App., 156 S.W. 294; International & G. N. R. Co. v. Pool, 24 Tex.Civ.App. 575, 59 S.W. 911; 8 Texas Jurisprudence, pp. 546, 553.

Reversed and remanded.