## UNIVERSAL LIFE INS. CO. v. COOK.
### No. 2643.

Court of Civil Appeals of Texas. Waco.
June 21, 1945.

R. L. Henderson, of Waco, for appellant.
C. H. Mooney, of Waco, for appellee.

RICE, Chief Justice.

The question of law presented by this record involves the validity of a nunc pro tunc judgment rendered by the County Court of McLennan County against the appellant Insurance Company and in favor of plaintiff.

A jury trial was had on October 18, 1944; the special issues submitted, answered favorably to appellee, were received and filed on the same day. Within two days thereafter appellant filed its motion for new trial. The term of court expired on November 4, 1944, and on that date the court made and entered an order expressly overruling appellant's motion for new trial, and therein it is recited that appellant excepted and gave notice of ap-

peal to this court. Within the time prescribed by law appellant filed its supersedeas appeal bond in blank as to any recitals in reference to judgment, but in an amount that would exceed double any amount that could be adjudged against it by the court.

On November 29, 1944, appellee filed a motion to enter judgment nunc pro tunc, based on the findings of the jury. Thereupon appellant filed its written exceptions to the motion and its motion to strike because of insufficiency and because no judgment had been pronounced by the court during the term. Both motions were continued by the court without prejudice, and on January 5, 1945, the court overruled appellant's motion and entered judgment for plaintiff and against defendant 'nunc pro tunc as of October 18, 1944, based on the findings of the jury, to which action of the trial court appellant duly excepted, gave notice of appeal and executed and filed its supersedeas bond.

In one of appellant's bills of exception, duly signed, without qualification, by the trial court, it is recited that "no pronouncement of judgment was ever made on said verdict other than the overruling of defendant's motion for new trial; that the term of said court expired on the 4th day of November, 1944." Also in an order made and entered by the trial court on January 5, 1945, overruling appellant's exceptions and motion to strike plaintiff's motion to enter judgment nunc pro tunc it is recited "and the court finds that plaintiff did not draft any form of judgment of any kind and submit to the court during the term or file with the clerk, and neither did the court of his own motion render judgment during the term which expired on November 4th, 1944."

It therefore appears that this cause was tried to a jury on October 18, 1944; a special issue verdict was returned by the jury, received and filed on the same day; the term of court expired on November 4, 1944; and that the court did not render judgment during term time.

Appellant takes the position that the verdict of the jury being on special issues, and the court not having rendered or pronounced any judgment on the merits in this cause during the term at which the trial was had, the trial court was powerless to render or pronounce judgment after the expiration of the term, and hence the court in rendering the nunc pro tunc judg-

ment on January 5, 1945, committed reversible error.

On a trial on special issues, the verdict of the jury does nothing more than find the facts. It is for the court to pronounce the law on the facts thus found. Carwile v. Wm. Cameron & Co., 102 Tex. 171, 176, 114 S.W. 100, 102; Waggoner v. Davis, 261 S.W. 482; Rules 300 and 301, Texas Rules of Civil Procedure.

A judgment nunc pro tunc presupposes a judgment previously actually rendered at the proper time but not entered of record; and the entry of a judgment nunc pro tunc at a subsequent term of court is not authorized unless a judgment was actually rendered during term time. Texas & Pacific R. Co. v. Bussing, Tex.Civ.App., 130 S.W.2d 416; 25 Tex. Jur., Judgments, secs. 68 and 70; Hannon v. Henson, Tex.Com.App., 15 S.W.2d 579; 34 C.J. § 208, p. 72. A judgment is rendered on the date on which the trial judge in open court declares his decision of law upon the matters in issue. Davis v. Moore, Tex.Civ.App., 131 S.W.2d 798. It is the rule that in the absence of evidence to the contrary the entry of a judgment nunc pro tunc is presumptively correct (Texas & P. R. Co. v. Bussing, supra); but the recitation of fact set forth in the bill of exceptions signed, without qualification, by the trial judge, and also contained in the trial court's order above quoted from, negatives and destroys such presumption in this cause. Waggoner v. Davis, supra.

It has been held that the purpose of a nunc pro tunc entry and its only legitimate function is to correctly evidence from the records of the court a judgment, decree, or order actually made by it but which for some reason has not been entered of record at the proper time. Texas & N. O. R. Co. v. Turner, Tex.Civ.App., 193 S.W. 1087; Finnigan-Brown Co. v. Escobar, Tex.Civ.App., 192 S.W. 256, 258; Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040.

For the reasons above set forth we sustain appellant's contention that the trial court was without authority to enter judgment nunc pro tunc because no judgment was rendered or pronounced by the trial court during the term at which this cause was tried.

The judgment of the trial court is accordingly reversed and the cause is remanded for a new trial.