**MOORE, Inc., et al. v. YORK OIL FIELD SERVICE CO. et al.**

No. 4626.

Court of Civil Appeals of Texas. Beaumont.

Dec. 29, 1949.

Rehearing Denied Jan. 25, 1950.

Cooper K. Ragan, James Erwin, Jr., Fred Much, Houston, David O'Fiel, Beaumont, for appellants.

King, Sharfstein & Rienstra, Beaumont, for appellee.

R. L. MURRAY, Justice.

York Oil Field Service Company, a Texas corporation, filed suit in Newton County against Moore, Inc., W. L. Moore, A. E. Boger and others. Boger filed his plea of privilege to be sued in Jefferson County. No controverting affidavit or plea was filed, and the district court of Newton County granted such plea, and transferred the entire case to the district court of Jefferson County. No appeal was taken by any party to the suit from such action of the Newton County district court. In the district court of Jefferson County, Moore, Inc., and W. L. Moore filed motions to have the case transferred back to Newton County, which motions and pleas were overruled.

Thereafter the case went to trial before the court without a jury, on the amended petition of York Oil Field Service Company. The trial was completed May 27, 1948, and the judge of the court took the case under advisement. On November 16, 1948, by a letter addressed to the attorneys in the case, the trial judge announced a decision in the case. Before the close of the December, 1948, term of court, the trial judge changed a portion of his indicated judgment, relating to the controversy between Moore, Inc., and W. L. Moore on the one hand and A. E. Boger on the other. A form of judgment was prepared by counsel for appellees and submitted to adverse counsel. This was not approved, and another was prepared and submitted to counsel in December, 1948. The trial judge did not sign the judgment until January 12, 1949. The district court of Jefferson County has two six months terms a year, and it is thus seen that the trial was begun in the January term, and no judgment was actually entered until the second succeeding term, that beginning in January, 1949. Appellees filed a motion to enter judgment nunc pro tunc. After due notice and a hearing, the court entered a nunc pro tunc judgment as of November 19, 1948.

From this judgment Moore, Inc., and W. L. Moore and A. E. Boger have appealed.

Moore, Inc., and W. L. Moore contend by their first point that the order of the Newton County district court was void and ineffectual as to it, because the suit filed was a joint and several action, and the court should have transferred the case to Jefferson County as to the other defendants but not as to them. This point is overruled. The original petition filed was against all the defendants jointly. The action of the Newton County district court was conclusive on the question of venue, however, since no appeal was taken from such order. See Wichita Falls, etc., Ry. Co. v. McDonald, Chief Justice et al., 141 Tex. 555, 174 S.W.2d 951, and cases cited therein; Humphrey v. Rawlins, Tex.Civ.App., 88 S.W.2d 776.

The other point presented by appellants Moore, Inc., and W. L. Moore is that the nunc pro tunc judgment is void because judgment was entered at the second succeeding term of court after the term at which the case was tried. We overrule

this contention. From the facts recited above, we are convinced that the trial court was authorized to enter the nunc pro tunc judgment. Such a judgment presupposes a judgment actually rendered at the proper time, but not entered of record. Hannon v. Henson, Tex.Com.App., 15 S.W.2d 579; Texas & P. Ry. Co. v. Bussing, Tex.Civ. App., 130 S.W.2d 416; Smith v. Moore, Tex.Civ.App., 212 S.W. 988.

A. E. Boger in his brief contends that the judgment was in error in that it did not grant him judgment against one Waitkus, one of the defendants who was dismissed from the case. Boger sought no relief in the trial court against Waitkus, and he will not be heard on appeal to present a complaint not previously urged. His appeal is denied.

No complaint is made of the amount of the judgment. In fact, on the trial of the case the amount of plaintiff's debt was, to a large degree, determined by stipulation and undisputed testimony. The plaintiff, appellee here, is shown not to have been at fault in the delay in having the judgment entered. To reverse this judgment under these circumstances would not in any way further the ends of justice, as another trial would result in the same judgment as was finally rendered and entered by the trial court.

The judgment of the district court is affirmed.