## WILLIAMS v. WYRICK.

### No. 12299.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 5, 1951.

Rehearing Denied Oct. 3, 1951.

670

Kelley, Looney, McLean & Littleton and Sidney L. Farr, all of Edinburg, for appellant.

Albert E. Coneway, Harlingen, for appellee.

POPE, Justice.

This case concerns the circumstances under which a district court may exercise its power to enter judgment nunc pro tunc on a special issue verdict after the term of court has expired. The jury, after answering all issues clearly and favorably to the plaintiff, returned its verdict at five o'clock on the Saturday of the last week of the court's term. No judgment was announced during that day. After the term had ex- pired, the plaintiff, Wyrick, filed a trial amendment and a remittitur which, as appellant, Williams, correctly states did not remit anything. Plaintiff then made a motion for judgment nunc pro tunc which, after hearing, the court granted. Whether the court possessed power and jurisdiction to enter the nunc pro tunc judgment is the important point here presented.

Plaintiff claimed that the defendant breached an oral contract to buy and pay for 1,924,428 tomato plants at the agreed price of one dollar per thousand plants. He alleged that defendant also failed to pay for seed in the additional amount of $294.00, but credited the defendant with an offset of $277.20 for expenses plaintiff would necessarily have incurred in picking and gathering the plants. The jury distinctly found that defendant had made the contract to buy the tomato plants at a price of one dollar per thousand plants and that he also agreed to pay for the seed which indisputably cost $294.00. The cost to plaintiff for picking and gathering was estimated at $277.20 and that amount was not disputed.

Plaintiff in his petition stated and itemized the elements of the contract and account. When, however, plaintiff's otherwise very able attorney reached the prayer for a summation of his damages, he added the amount due for the tomatoes ($1,924.43) to the undisputed cost of the seed ($294.00) and from the total ($2,218.43) he subtracted the undisputed harvesting cost ($277.20). Counsel proved unequal to the complexity of this arithmetic problem and fell $90.00 short of the true remainder by asking for recovery of only $1,851.23. The jury ignored this conservative arithmetic and in accord with good addition and subtraction and the strict letter of mathematics arrived at the correct figure of $1,941.23.

"In some situations it may be proper for the court to render a judgment nunc pro tunc when none has been previously rendered. In general, where the delay in rendition after the case is fully ripe for judgment has resulted solely from the process of the law or the delay of the court, and not from any fault of the prevailing party, rendition of judgment nunc pro tunc is proper. * * * Again, judgment has been

rendered nunc pro tunc in cases where, after a jury trial and verdict, the judge overlooked rendering judgment until a subsequent term, or improperly refused to do so until action was compelled by mandamus." 4 McDonald, Texas Civil Practice, § 17.07.

Generally a nunc pro tunc judgment is permissible only where the judgment was rendered but not entered during term time, but the above summary of the Texas law recognizes that in some instances judgment may be both rendered and entered on motion for judgment nunc pro tunc after term time. It has been settled that in the case of a general verdict, judgment may be entered at a subsequent term though not rendered during the prior term. Carwile v. William M. Cameron & Co., 102 Tex. 171, 114 S.W. 100; Lloyd v. Brinck, 35 Tex. 1. The reason assigned for the rule is that in the case of a general verdict, the law determines what the judgment shall be. Whether a similar rule exists in the case of a verdict on special issues, or at least in some instances of a special issue verdict, has not been definitely settled. However, Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296, 302, applies the same rule and reason, even in the instance of a special issue verdict, and holds that judgment may be rendered at a subsequent term, saying: "When the necessary effect of a special verdict is clear and plain, the writ of mandamus as prayed for herein should issue just the same as has been done in general verdict cases. In this particular statement we are probably pioneering, but our view seems to be based upon reasoning which is unanswerable." We are inclined to agree with the court's modest statement that its reasoning is unanswerable, since that authority has been often followed with approval. Farmer v. Denton, Tex.Civ.App., 231 S.W.2d 908; Wright v. Longhorn Drilling Corporation, Tex.Civ.App., 202 S.W.2d 285, 286; Stewart v. Gibson, Tex.Civ.App., 154 S.W.2d 1002; Shell Oil Co. v. Dennison, Tex.Civ.App., 132 S.W.2d 609; Friske v. Graham, Tex.Civ.App., 128 S.W.2d 139; Nalle v. Walenta, Tex.Civ.App., 102 S.W.2d 1070; Allen v. Strode, Tex.Civ.App., 62 S.W.2d 289; 49 C.J.S., Judgments, § 118; accord, Moore, Inc. v. York Oil Field Service Co., Tex.Civ.App., 226 S.W.2d 144; Chaffin v. Drane, Tex.Civ.App., 131 S.W.2d 672. But cf., Allied Store Utilities Co. v. Hunt, Tex.Civ.App., 148 S.W.2d 246; British General Ins. Co. v. Ripy, 130 Tex. 101, 106 S.W.2d 1047; Glasscock v. Pickens, Tex.Civ.App., 73 S.W.2d 992. Contra: Universal Life Ins. Co. v. Cook, Tex.Civ.App., 188 S.W.2d 791; Finnigan-Brown Co. v. Escobar, Tex.Civ.App., 192 S.W. 256; Rouff v. Boyd, Tex.Civ.App., 16 S.W.2d 403, 407.

In this case the issues were simple and all the answers were clearly and plainly for the plaintiff, showing that the defendant had breached a contract and that the extent of plaintiff's damages were $1,941.23. No objections were made to the charge or the damage issue, and no point of error is preserved as to the form, substance, or support in the evidence of any issue. Unlike some of the distinguishable authorities cited above, a motion for judgment nunc pro tunc was filed and the judgment is a nunc pro tunc judgment. We conclude that the rendition and entry of the nunc pro tunc judgment after term time was occasioned by the lateness in the day of the last day of the term when the verdict was received and not by reason of the fault of the prevailing party. Wright v. Longhorn Drilling Corporation, supra. The only irregularity in the proceedings is the fact that the jury computed the damages mathematically correct whereas the prayer computed the damages in a slight error. The balance of the pleadings alleged facts which were mathematically in accord with the jury's result. The jury found the amount of damages factually alleged and proved, but we construe the prayer as being a ceiling upon the amount of recovery the plaintiff may have. The court properly rendered and entered nunc pro tunc judgment on appellee's motion for such a judgment, but the judgment should have been on the verdict as limited by the lesser amount of $1,851.23 prayed for by the plaintiff.

The only other point here presented is that the plaintiff alleged an oral contract, but in his pleadings set forth the terms of the contract in the form and with all the legal formalities of a carefully

drawn contract in writing. We do not approve the practice of setting forth a simulated formal contract when the suit is based on an oral informal contract, however, all of the testimony related to an oral contract and both counsel argued the cause to the jury. We are not convinced that the defendant or the jury were either surprised or misled when the record as a whole is considered. Such pleading is not, however, considered good practice.

The judgment of the trial court is reformed by limiting the amount of recovery to $1,851.23, and as reformed is affirmed.