GULF, C. & S. F. RY. CO. v. LOCKER.
(No. 709–4270.)

(Commission of Appeals of Texas, Section A. June 27, 1925.)

1. Appeal and error ⬤⟳218(2)—Erroneous submission of issue preserved on appeal by objection sufficiently specifying error.

Where issue, which court submitted, was erroneous, objections, which sufficiently specified error, preserved point on appeal, without necessity of again directing court's attention to same subject by requesting proper issue.

2. Trial ⬤⟳352(1)—Issue submitting violation of Safety Appliance Act held insufficient and erroneous.

In action for injury based on violation of federal Safety Appliance Act (U. S. Comp. St. § 8605), where there was evidence that couplers were in good condition and coupled on second trial, special issue whether cars failed to couple automatically by impact *held* erroneous and insufficient, in failing to submit all elements necessary to show violation of act, such as necessity of men going between cars.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by H. M. Locker against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (264 S. W. 595), and defendant brings error. Reversed and remanded.

W. W. Hair, of Temple, Terry, Cavin & Mills, of Glaveston, and Lee, Lomax & Wren, of Fort Worth, for plaintiff in error.

Walker Saulsbury and Winbourn Pearce, both of Temple, for defendant in error.

CHAPMAN, J. Defendant in error, Locker, was an employee of plaintiff in error, railway company, in the capacity of brakeman. While Locker and other members of the train crew were doing switching at McGregor, two freight cars of the railway company failed to couple on the first trial. The cars were being used in interstate traffic, and were loaded with steel rails. After the two cars had failed to couple, and, while they were about 12 feet apart, and neither of them moving, Locker went between them, as he claims, to adjust the couplers, and, after making such adjustment as he thought necessary, signaled the engineer to back the front car to the rear one for the purpose of making the coupling. The engineer obeyed the instructions, and Locker, while passing out from between the cars, was caught by a steel rail that was projecting from the end of one of the cars, and in the impact of the two cars received injuries for which he recovered $15,000 damages. The judgment of the trial court was affirmed by the

Court of Civil Appeals at Austin. 264 S. W. 595.

The controlling issue in the trial court was as to whether the railway company violated the following provision of the federal Safety Appliance Law (27 Stat. 531):

"On and after the first day of January, eighteen hundred and ninety-eight, it shall be unlawful for any such common carrier to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars."

This issue was submitted to the jury by the following special issue:

"Do you find from a preponderance of the evidence that the cars which the plaintiff was attempting to couple had failed to couple automatically by impact?"

This exception was made to the special issue:

"Under the law, it is not a violation of the statute that the car may have failed on the one occasion claimed to have coupled automatically by impact, and there is no violation of the law unless the car in question, and being used by the defendant in the movement of interstate traffic, was not equipped with couplers coupling automatically by impact, and said issue does not submit the issue of failure to comply with the statute of the United States, if there be any testimony in this case that supports any such issue, which is denied."

The uncontradicted evidence was that the cars failed to couple on the first trial, but there was much evidence offered by the railway company that the couplers were in good condition, and that there was no visible reason why they would not couple automatically by impact, and that they did so couple on the second trial; there was also a sharply contested issue as to whether it was necessary for the brakeman to go between the ends of the cars.

[1] As we understand this case, to determine the liability of the railway company, it was necessary for the court, as it did, to submit only two issues, and those were as to whether the railway company violated the provisions of the Safety Appliance Law; and whether such violation, if any, was the proximate cause of the injuries. We have read many of the decisions that hold where it is shown that the federal Safety Appliance Law has been violated, and that such violation is the proximate cause of the injury that the liability of the railway company is fixed, but those decisions are not applicable to the question as to whether the court had properly submitted

the issue as to whether the law mentioned had been violated. We have considered the law relating to the submission of special issues; that the failure to submit all the issues made by the pleadings shall not be deemed a ground for reversal of the judgment unless its submission was requested in writing by the complaining party, but, as shown, there were only two issues to submit to the jury, other than the amount of damages, and the trial court evidently undertook to submit those two in the two special issues mentioned. The issue as to whether the railway company violated the Safety Appliance Law was one issue raised by the pleadings and the court undertook to submit it as such, and we think the rule stated in Gulf, C. & S. F. R. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183, applies. The rule mentioned is as follows:

"But in the instance of a defective or erroneous charge on a subject or issue which the court has undertaken to charge upon, the objections required by article 1971 take the place of special charges, and render it unnecessary that the latter be tendered. It is immaterial whether the matter objected to in the court's charge is a mere defective or incomplete statement of the law or issue to be determined, or is affirmatively erroneous; objections which sufficiently specify the error will preserve the point on appeal, without the necessity of again directing the court's attention to the same subject by special charge."

[2] We think the issue complained of is erroneous, because it does not leave to the jury the right to consider all the facts on the issue raised by the pleadings as to whether the Safety Appliance Law was complied with, and does not submit to the jury all the elements necessary to show a violation of the Safety Appliance Law in a case like this; the necessity of men going between the ends of the cars being entirely omitted. Under the pleadings and facts in this case, on the issue as to whether the Safety Appliance Law had been complied with, the plain provisions of the statute should have been submitted. The courts have held that these provisions need no interpretation.

We recommend that the judgments of the trial court and the Court of Civil Appeals be reversed, and the cause remanded to the trial court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.