## ÆTNA CASUALTY & SURETY CO. v. TOBOLOWSKY.

### No. 1508.

Court of Civil Appeals of Texas. Waco.
June 14, 1934.

Rehearing Denied July 12, 1934.

Jos. W. Hale and Geo. Clark, both of Waco, for appellant.

Collins & Martin, of Hillsboro, for appellee.

ALEXANDER, Justice.

This action was brought by Sam Tobolowsky against Ætna Casualty & Surety Company to recover on a certain mercantile safe burglary policy issued by the defendant to the plaintiff. The plaintiff sought to recover for the damage to the safe and the sum of $521.47 alleged to have been feloniously abstracted therefrom. The verdict on special issues was favorable to the plaintiff, and accordingly judgment was entered against the defendant for the sum of $531.47. The defendant appealed.

The jury did not make any finding as to the amount of money, if any, that was actually taken from the safe in question by the alleged burglars. The trial court found that the sum of $521.47 was so taken from the safe and allowed a recovery therefor. The defendant in the lower court challenged the right of the court to make such finding and to enter judgment thereon and here complains of the conduct of the court in so doing. Sam Tobolowsky, the plaintiff, was the only witness who testified as to the amount of money taken from the safe by the alleged burglars. He was an interested witness and his credibility and the weight to be given to his testimony was for the jury. Since the case was being tried before a jury and the only testimony supporting the issue was that of plaintiff, an interested witness, the court had no right to withdraw the issue from the jury and to make a finding and enter judgment thereon. Thraves v. Hooser (Tex. Com. App.) 44 S.W. (2d) 916, par. 4; Mills v. Mills (Tex. Com.

App.) 228 S. W. 919; Pope v. Beauchamp, 110 Tex. 271, 219 S. W. 447, par. 5; Houston E. & W. T. Ry. Co. v. Runnels, 92 Tex. 307, 47 S. W. 971; Sigmond Rothchild Co. v. Moore (Tex. Com. App.) 37 S.W.(2d) 121; Stone v. City of Wylie (Tex. Com. App.) 34 S.W.(2d) 842, par. 6; Strickler v. Kassner (Tex. Civ. App.) 64 S.W.(2d) 1025, par. 4.

■■ The insuring part of the policy fixed the company's liability for the loss of the contents of the safe in the following language: "I. To indemnify the Assured for all loss by Burglary which shall mean the felonious abstraction of any such insured property from within the insured part of such safe or vault, by any person or persons making felonious entry into such safe and such insured part thereof, and also into the vault, if any, containing such safe, when all doors of such safe and vault are duly closed and locked by all combination and time locks thereon; provided that such entry shall be made by actual force and violence of which there shall be visible marks made by tools, explosives, electricity, gas or other chemicals, upon the exterior of (a) all of said doors of such safe and of the insured part thereof and of the vault, if any containing such safe, if entry is made through such doors * * *." The jury found that entry into the safe was made by actual force and violence. There was no finding, however, that such force and violence was used without the knowledge or consent of the owner, nor that the contents of the safe were feloniously abstracted by some one making a felonious entry into the safe, as provided in the policy. Clearly, under the terms of the policy, it was necessary for the plaintiff to establish and secure a finding that the safe was feloniously entered and the contents feloniously abstracted therefrom. The plaintiff was the only witness who testified as to whether or not the safe was entered without his knowledge or consent. There was no direct testimony as to who entered the safe. Under the authorities above cited, the court could not withdraw such issues from the jury and make a finding and enter judgment thereon based upon plaintiff's testimony alone.

■ The policy provided, in part, as follows: "The company shall not be liable for loss or damage * * * (3) effected by opening the door of any * * * safe * * * by manipulation of any lock." The defendant alleged as a defense that entrance to the safe was effected by manipulation of the lock. There was evidence to support the defense. The court refused to submit to the jury an issue requested by the defendant inquiring, in effect, whether or not entry into the safe was effected by manipulation of the lock. The defense covered by the above-requested charge was material, Coyle v. Palatine Ins. Co. (Tex. Com. App.) 222 S. W. 973, and since such defense was raised by the pleadings and evidence, it was error for the court to refuse to submit the requested issue to the jury. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517. The case must be reversed for the failure to submit such issue notwithstanding the finding by the jury that entry to the safe was effected by force and violence. Davis v. Estes (Tex. Com. App.) 44 S.W.(2d) 952, par. 8.

Special issue No. 1 as submitted to the jury was as follows: "Do you find from a preponderance of the evidence that the entry to the safe in question, if any, was made by actual force and violence of which there were visible marks made by tools upon the exterior of the outside door of said safe?" The defendant objected to this charge because it submitted more than one issue. This objection can easily be avoided upon another trial.

For the reasons heretofore stated, the judgment of the trial court is reversed, and the cause remanded for a new trial.