TRADERS & GENERAL INS. CO. v.
COPELAND et ux.

No. 3205.

Court of Civil Appeals of Texas. El Paso.

June 20, 1935.

Collins & Fairchild, of Lufkin, and Nelson Scurlock and Lightfoot & Robertson, all of Fort Worth, for appellant.

W. W. Caves and A. H. Waldrop, both of Henderson, and Tom C. Waldrep, of Shawnee, Okl., for appellees.

PELPHREY, Chief Justice.

In July, 1931, Frank Russell was engaged in drilling an oil well near Overton in Rusk county, Tex. On or about the 25th of the month the derrick being used by him collapsed, and parts of it and of the machinery crashed to the derrick floor. At that time B. F. Enochs was a trucking contractor with headquarters in Oklahoma, and two of his trucks were in Texas in charge of his son, Harley Enochs. Upon orders from Russell, his brother, L. M. Russell, hired one of the Enochs' trucks and some men to help in clearing away the débris. Among the men employed was Dan Copeland, a brother-in-law of B. F. Enochs. While Copeland was working on the derrick floor, an employee of Russell dropped a winch line which he was carrying as he crawled up the derrick, and the hook on the end of the line struck Copeland on the head. From the injuries thus sustained Copeland afterward died. Copeland being a single man, his parents presented to the Industrial Accident Board a claim for compensation against appellant claiming their son to have been an employee of Russell at the time of his death.

The board awarded the Copelands compensation in the sum of $20 per week for 360 weeks, and from such award the Insurance Company perfected an appeal to the district court of Rusk county, Tex. Appellees thereupon filed a cross-action setting up a claim for the death of their son. In such cross-action they alleged that he was an employee of Russell and was working in the course of his employment at the time he received the injuries which later resulted in his death.

Appellant, in its original petition, alleged that the death of Copeland was not the result of injuries sustained by him in the course of his employment by Russell, but that he was injured while he was employed by a third person who was not insured by it. Appellant demurred generally and specially to appellees' cross-action and denied generally the allegations therein contained.

A jury found in response to special issues that Copeland was accidentally injured while removing débris from the derrick on the Frank Russell lease in Rusk county, Tex., on or about July 25, 1931; that such injuries were the sole cause of his death; that they were sustained by

him in the course of his employment by Frank Russell; that his average weekly wage on the date of his injury was $42; that he had worked in the same or similar employment during substantially the whole of the preceding year; that his average weekly wage for that year was $35; that no hardship would result if the compensation was not paid in a lump sum; and that Copeland, at the time of his injury, was not working under the supervision and control of B. F. Enochs or his son, Harley Enochs, as independent contractors.

Judgment was rendered that appellees recover $3,253.06, which represented 147 weeks of compensation at $20 per week and the interest thereon, and for the further payment of $20 per week for 213 weeks.

After its amended motion for new trial was overruled, the Insurance Company perfected an appeal which is now pending in this court.

### Opinion.

Thirteen assignments of error and twelve propositions thereunder are presented in appellant's brief. The questions presented are: (1) The correctness of the manner in which issue No. 8 was presented; (2) the correctness of the definition of "independent contractor"; (3) the correctness of the manner in which the issues as to weekly wage was submitted; (4) the sufficiency of the findings on weekly wage to support the judgment; and (5) the correctness of the amount of interest allowed.

Special issue No. 8 reads: "Do you find from a preponderance of the evidence in this case that Dan Copeland at the time he received his injury or death, if any, was working under the supervision and control of B. F. Enochs, or his son Harley Enochs, as independent contractors?"

This issue was objected to as improperly placing the burden of proving the affirmative thereof on appellant, as being ambiguous and multifarious, and as being too onerous in not limiting the question to the time of the injury.

In cases of appeal from an award by the Industrial Accident Board the trial is de novo and the burden of proof is upon the party claiming compensation, and this is true where the insurer is the appealing party. Article 8307, § 5, Revised Statutes, as amended by Acts 1927, c. 223, § 1. Here appellees were asserting their right to recover against appellant because of the fact that their son' was an employee of Frank Russell at the time he was injured and the burden was upon them to establish that fact by a preponderance of the evidence. This necessarily included the further fact that he was not at that time an employee of any other person. Texas Indemnity Co. v. McCurry (Tex. Com. App.) 41 S.W.(2d) 215, 78 A. L. R. 760; Nobles v. Texas Indemnity Ins. Co. (Tex. Com. App.) 12 S.W.(2d) 199.

Appellees, however, counter with the contention that the issue did not place the burden upon appellant.

In Speer on Special Issues, § 134, at page 184, we find Judge Speer using this language relative to the necessity of instructions on the burden of proof: "Of course, where the formal issue itself requires the answer thereto to be based upon a preponderance of the evidence, the effect is to place the burden,—where it properly belongs,—upon the one holding the affirmative of such issue, and is in legal effect an instruction upon the burden of proof or at least one which renders a formal instruction upon the burden of proof unnecessary." The author cites numerous authorities in support of the text.

This doctrine is, we think, sound and consequently the effect of the submission of the issue was to place the burden of proof upon the party seeking to establish the affirmative of the issue, which here was the appellant. This was error. The issue was also multifarious, we think, in that it inquired as to whether he was acting under the supervision of the Enochs and then further inquired as to whether they were independent contractors. If he was acting under their supervision and they were not the agents of Russell, then appellant would not be liable. Whether they were agents of Russell or were independent contractors would be another question which should be submitted separately.

We also are of the opinion that extending the inquiry to the time of his death was improper. The question upon which appellant's liability depended was: In whose employ was he at the time he received his injuries?

In Cunningham v. Railroad Co., 51 Tex. 503, 32 Am. Rep. 632, the court said:

"There is a marked distinction between the liability of the master for the acts of an ordinary servant in the usual scope of his duties as such, and that of an employer for the acts of an independent contractor. * * *

"In the first relation, that of master and servant, the master has the right to direct the conduct of the servant and the mode and manner of doing the work, and hence his corresponding liability for an improper execution of the same. (Wood on Master and Servant, § 281.) * * *

"In the second relation, that of employer and independent contractor, there is no such control and direction by the employer over the servant in the details of the work."

The court then proceeds to quote the definition cited in appellant's brief. In so far as this case is concerned we feel that the definition given by the court was sufficient.

In view of the fact that upon another trial the pleadings may be amended and the evidence may be amplified, we shall not discuss the errors complained of relative to the issues and instructions on the question of weekly wage.

Appellees having tendered a remittitur of the $61.82 excess of interest found in the judgment, the assignment raising that question needs no discussion.

For the reasons stated, the judgment will be reversed and the cause remanded.