E. S. SWANN ET AL. V. HONORABLE C. A. WHEELER, DISTRICT JUDGE, ET AL.

No. 6441. Decided October 30, 1935.
(86 S. W., 2d Series, 735.)

W. L. Matthews, Templeton, Brooks, Napier & Brown, and Coleman Gay, all of San Antonio, for relators.

Hart, Patterson & Hart, of Austin, for respondents.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This is an original mandamus proceeding instituted by E. S. Swann and C. G. Schulle, composing the partnership of Swann-Schulle Company, as relators, against Hon. C. A. Wheeler, Judge of the District Court of Travis County, Texas, 53rd Judicial District, and C. E. Milstead, as respondents, to compel the entry of a judgment in Cause No. 51021, pending in said district court.

The cause mentioned was brought by Milstead to recover damages for personal injuries sustained by him in a wreck caused by a collision between his automobile and a truck of the Swann-Schulle Company. These two parties will be designated as in the trial court. Several grounds of negligence on the part of the defendants were alleged. Although we do not have before us a copy of the petition, yet it is stated in respondents' answer and brief that among the grounds of negligence alleged was that defendants' truck was being operated upon the highway while the brakes were not in good working order. Issue No. 9 submitted this theory of the case to the jury and was as follows:

"Question No. 9. Do you find from a preponderance of the evidence that the brakes on the truck driven by defendant's agent and employe, C. L. Watkins, were not in good working order and condition immediately prior to the collision between

the two cars? Answer this question 'yes' or 'no.' "

To this question the jury answered "Yes."

Issue No. 10 was as follows:

"Question No. 10. If you have answered Question No. 9 in the affirmative, then answer this question:

"Question No. 10: Was the failure (if any) to have the brakes on said truck driven by defendants' agent and employe at the time of the collision in good working order and condition negligence (as that term has been hereinbefore defined)? Answer this question 'yes' or 'no'."

To this question the jury answered "No."

There was no answer given to Question No. 11, which was as follows:

"If you have answered Question No. 10 in the affirmative, then answer this question:

"Question No. 11: Was such negligence (if any) a direct and proximate cause of the injuries if any sustained by the plaintiff, C. E. Milstead? Answer this question 'yes' or 'no.' "

All issues submitting the question of contributory negligence on the part of plaintiff were answered favorably to him. Upon the filing of the verdict defendants made motion for judgment in their favor, which was overruled by the court. The plaintiff made a motion as follows:

"Comes now the plaintiff . . . and moves the court to *order a mis-trial in this cause* for the following reasons, towit:

"1. In answer to Special Issue No. 9, the jury found that the brakes on the truck driven by defendants' agent and employe, C. L. Watkins, were not in good working order and condition immediately prior to the collision between the two cars; and the jury were unable to agree whether or not such failure was a direct and proximate cause of the injuries sustained by the plaintiff herein.

"2. Because no contributory negligence was found by the jury on the part of plaintiff herein.

"3. Because the answers of the jury to the Special Issues submitted are not sufficient upon which to predicate a judgment.

"Wherefore, premises considered, plaintiff prays the court to order a *mis-trial* of this cause, and to grant him a new trial." (Emphasis ours.)

Thereafter, the court entered the following order:

". . . And thereafter, on the 26th day of November, 1932, came on to be heard by the court the plaintiff's motion to set aside the verdict of the jury and for a new trial of this cause

and the motion of the defendants that judgment be entered in their favor upon the said verdict of the jury; and the court having heard the argument of counsel upon said motions, and having duly considered said verdict and said motions and the argument of counsel, is of the opinion that the said verdict is incomplete and is insufficient to justify the entry of a judgment in favor of the defendants, and the court is further of the opinion that the finding of the jury in response to Question No. 9 amounts to a finding of negligence per se on the part of the defendants' servant, and the answer of the jury to Question No. 10 is, therefore, of no legal effect; and the court is of the opinion that the motion of plaintiff to have the said verdict of the said jury set aside and for a new trial should be granted, and that the motion of defendants for judgment on said verdict should be denied.

"It is, therefore, on this 15th day of December, 1932, ordered, adjudged and decreed that the said verdict of the jury be and it hereby is set aside and that a new trial of this cause is hereby granted;

"It is further ordered, adjudged and decreed that the said motion of defendants for judgment in their favor on said verdict be and it hereby is in all things overruled and denied; . . ."

■ Respondents first question the right of this Court to grant a writ of mandamus on the theory that the trial court granted a new trial and its action in that regard cannot be reviewed; relying upon the case of Missouri, K. & T. Ry. Co. v. Brewster, 78 S. W. (2d) 575. The answer to this contention is that plaintiff in the trial court only asked for an order declaring a mistrial, and the judgment of the court when construed as a whole clearly shows that the court merely set the verdict aside and declared a mistrial, and did not grant a new trial from the verdict, as was done in the Brewster case. In this connection, see the case of Southland-Greyhound Lines, Inc., v. G. E. Richardson, decided October 23rd, 1935 (126 Texas, 118, 86 S. W. (2d) 731). This case is, therefore, controlled by the decision in the cases of Gulf, C. & S. F. v. Canty, 115 Texas, 537, 285 S. W., 296, and Cortimeglia v. Davis, 116 Texas, 412, 292 S. W., 875; and judgment should have been in favor of defendants, provided the finding of the jury is not incomplete.

The theory of respondents is that under Article 799 of the Penal Code of 1925 the finding of the jury to Special Issue No. 9 convicted defendants of negligence as a matter of law,

and therefore the answer to Special Issue No. 10 was void; it being further contended that in the absence of a finding that such negligence was the proximate cause of the injury to plaintiff, no judgment could be entered. Article 799 of the Penal Code is as follows:

"Any person who operates upon a public highway a motor vehicle not provided with adequate brakes kept in good working order, or any person having control or charge of a motor vehicle who shall allow such a vehicle to stand in any public street or highway, unattended, without first effectively setting the brakes and stopping the motor thereof, shall be fined not exceeding $100.00."

■ It appears to be the rule that when negligence is predicated upon the failure to comply with some statutory rule of conduct, or upon a violation of some penal statute, the issue of whether or not the statute has been complied with or violated should be submitted in the language of the statute itself. This was the holding by this Court in the case of Gulf, C. & S. F. Ry. Co. v. Locker, 273 S. W., 831, in an opinion by the Commission of Appeals adopted by the court.* In that case negligence was alleged because of a violation of the Federal Safety Appliance Act (45 U. S. C. A., Sec. 1). That act made it unlawful for a common carrier to haul or permit to be hauled or used on its line any car in moving interstate traffic "not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars." The jury found that the car which plaintiff was attempting to couple "failed to couple automatically by impact."

It was held that this did not suffciently cover the issue of negligence based upon a violation of the statute, the court saying:

"We think the issue complained of is erroneous, because it does not leave to the jury the right to consider all the facts on the issue raised by the pleadings as to whether the Safety Appliance Law was complied with, and does not submit to the jury all the elements necessary to show a violation of the Safety Appliance Law in a case like this; the necessity of men going between the ends of the cars being entirely omitted. Under the pleadings and facts in this case, on the issue as to whether the Safety Appliance Law had

*Opinion approved and judgment adopted.—Ed.

been complied with, *the plain provisions of the statute should have been submitted."* (Emphasis ours.)

In this case the issue submitted to the jury failed to follow the statute in several particulars, towit:

(a) It did not elicit an affirmative finding that the truck was "not provided with adequate brakes."

(b) It did not elicit a finding as to whether or not the brakes were *"kept* in good working order," but elicited an affirmative finding that they were not in "good working order and condition *immediately* prior to the collision."

(c) The statute requires brakes in "good working order," while the issue inquired if they were in "good working order and *condition"* immediately prior to the collision.

Nowhere in the record is it shown that the plaintiff specially pleaded that the acts of defendant were in violation of the statute, and that therefore it was negligent as a matter of law. In the petition for writ of mandamus it is stated that "plaintiff based his right to recover upon the alleged negligence of defendants in six respects,—(a) Operating the automobile without brakes in good order and condition." Special Issue No. 9 was substantially in the language of the petition as thus stated.

█ We do not find it necessary to determine whether or not the finding of the jury amounts to a finding of negligence per se because of violation of the statute; nor do we find it necessary to determine whether or not the finding is sufficient to support a judgment based on the theory of negligence per se. We have called attention to the rule stated in Gulf, C. & S. F. Ry. Co. v. Locker, supra, as well as the variance between the issue submitted and the language of the statute for the purpose of showing that it was obviously the intention of the court to submit the question of common law negligence, rather than of negligence per se because of violation of the Penal Code. It was the duty of the court to so submit it, because it had been so alleged. We are strongly reenforced in this conclusion by the fact that the plaintiff did not object to the manner in which the issues were submitted, and did not request an issue in the language of the state. The jury was expressly told not to answer Special Issue No. 11, which was intended to establish the element of proximate cause, unless they had answered Special Issue No. 10 in the affirmative. It must be held, therefore, that if the court intended to submit the theory of negligence per se, thus making Special

Issue No. 10 of no effect, he created a condition which made it impossible for the jury to reach a complete verdict without disregarding the instructions of the court. The failure of the plaintiff to object to the submission of Special Issue No. 10, and to Special Issue No. 11, conditioned as it was, must be construed as an acquiescence in the action of the court. No such purpose should be imputed to the court or to counsel for plaintiff.

The case having been submitted to the jury on the theory of common law negligence, and the jury by its finding to Special Issue No. 10 having exonerated defendant of negligence, it was the duty of the court to enter judgment in accordance with the findings of the jury.

Writ of mandamus will issue in accordance with the prayer of relator's petition.

Opinion adopted by Supreme Court October 30, 1935.