ÆTNA CASUALTY & SURETY CO. v.
TOBOLOWSKY.

No. 1837.

Court of Civil Appeals of Texas. Waco.
March 4, 1937.

Rehearing Denied Oct. 27, 1938.

Jos. W. Hale and George Clark, both of Waco, for appellant.

Martin & Allred, of Hillsboro, for appellee.

ALEXANDER, Justice.

This action was brought by Sam Tobolowsky against Ætna Casualty & Surety Company to recover on a certain mercantile safe burglary policy issued by the defendant to the plaintiff. The verdict on special issues was favorable to plaintiff and judgment was entered accordingly. The defendant appealed.

The policy insured the appellee against certain losses by burglary of insured's safe but contained the following provision: "This agreement is subject to the following conditions, which are conditions precedent to any recovery hereunder: * * * (c) The company shall not be liable for loss or damage * * * (3) effected by opening the door of any vault, safe or chest by the manipulation of any lock." The trial court attempted to submit the above exception to the jury by special issue No. 9, which was as follows: "Do you find from a preponderance of the evidence that the entry, if any, into the safe in question on or about the night of October 11, 1932, was effected by opening the door of said safe by the usual and customary use of the combination lock." The appellant objected to special issue No. 9 because it placed the burden of proof on appellant. In addition thereto, appellant, in writing, requested the court to submit said special issue to the jury in the language of the policy, that is, whether the jury found from a preponderance of the evidence that the entrance, if any, into the safe was not effected by opening the door of the safe by manipulation of the lock thereon, and appellant objected to the charge as a whole because of the failure to so submit said issue. These requests and objections were overruled by the trial court.

On a former appeal of this case we held that it was reversible error for the trial court to refuse to submit the issue as requested by appellant. See Ætna Casualty & Surety Company v. Tobolowsky, Tex.Civ.App., 73 S.W.2d 556. Appellant was not only entitled to have the issue submitted, but the burden was on appellee to establish by a preponderance of the evidence that entrance to the safe was not effected in the manner stipulated in the aforementioned exception. 24 Tex.Jur. 1248; Coyle v. Palatine Ins. Co., Tex. Com.App., 222 S.W. 973, 975; American Ins. Co. v. Maddox, Tex.Civ.App., 60 S. W.2d 1074, par. 6, and authorities there cited; City of New York Ins. Co. v. Middleton, Tex.Civ.App., 62 S.W.2d 681, par. 5; Georgia Home Ins. Co. v. Trice, Tex. Civ.App., 70 S.W.2d 356; Boston Ins. Co. v. Fitzpatrick, Tex.Civ.App., 75 S.W.2d 897; American Ins. Co. v. Delaney, Tex. Civ.App., 80 S.W.2d 1085; Amicable Life Ins. Co. v. O'Reilly, Tex.Civ.App., 97 S. W.2d 246, par. 1.

The issue as submitted placed the burden of proof on appellant and was therefore erroneous. 41 Tex.Jur. 1197; Traders & General Ins. Co. v. Copeland, Tex.Civ.App., 84 S.W.2d 813; Thurman v. Chandler, 125 Tex. 34, 81 S.W.2d 489.

Upon another trial, the issue should be so framed as to place the burden of proof on plaintiff and should be submitted as far as practical in the language of the pertinent portion of the exception as embodied in the contract and not in the language of special issue No. 9, as above set out. 41 Tex.Jur. 1090, 1093; Chambers v. Riggs, Tex.Civ.App., 86 S.W.2d 518; Gulf, C. & S. F. Ry. Co. v. Baldwin, Tex.Civ. App., 2 S.W.2d 520, par. 6; Gulf, C. & S. F. Ry. Co. v. Locker, Tex.Com.App., 273

S.W. 831; Swann v. Wheeler, 126 Tex. 167, 86 S.W.2d 735.

The other rulings complained of will not likely occur in the same manner upon another trial and therefore need not be discussed at this time.

The judgment of the trial court is reversed and the cause is remanded for another trial.