**CHAFFIN et al. v. DRANE, Judge, et al.**

**No. 3945.**

Court of Civil Appeals of Texas. El Paso.
Sept. 28, 1939.

E. D. Smith, of Crane, and Jones, Turney, Hardie, Grambling & Howell, of El Paso, for complainants.

Hudson & Hudson, of Pecos, and Grindstaff, Zellers & Hutcheson, of Weatherford, for respondents.

PRICE, Chief Justice.

This is an original proceeding seeking to compel by mandamus the entry of a judgment on a verdict on special issues in favor of complainants against respondents in a case that had been tried before a jury in Crane County, before the Honorable J. A. Drane, wherein respondent Holliday was plaintiff and complainants defendants. The petition of complainants was filed in this Court on the 12th day of July, 1939, and the respondents filed their answer thereto on the 12th day of September, 1939.

On the threshold of this case we are met by motion by complainants, filed herein on the 14th day of September, 1939, to strike the answer of respondents because same is not verified. This motion was carried over to be considered with the merits of the case.

A reading of respondents' answer convinces us that it raises no issue of fact between the parties. It does not dispute that the record is other than as set forth in complainants' petition herein.

We deem our action on the motion immaterial, and, in order to dispose of same, it is hereby ordered overruled.

The complainants filed a brief with their petition and also later filed a supplemental brief. Respondents have filed no brief.

We have carefully checked the statement of the nature of the suit in the trial court

as set forth in complainants' brief, and same is correct in all substantial particulars, and hence in our statement we follow same almost literally.

On the 28th of December, 1938, J. M. Holliday filed suit in the 109th District Court against W. L. Chaffin and Employers Liability Assurance Corporation, Limited, defendants. This suit was a suit for damages, alleging that on June 29, 1938, the defendant W. L. Chaffin was the duly elected, qualified and acting Sheriff of Crane County, Texas, and that the Employers Liability Assurance Corporation, Limited, was the surety on the official bond of the said W. L. Chaffin, Sheriff. The petition alleged that on the 29th day of June, 1938, the defendant W. L. Chaffin made an unprovoked assault upon the plaintiff and arrested the plaintiff and by reason of physical injuries sustained by plaintiff in this occurrence the plaintiff sought damages against the sheriff and his official bondsman. The allegation of actual damage is as follows: "Plaintiff alleges that by reason of the pain and suffering which he was caused by the unprovoked assault committed upon him during his arrest by W. L. Chaffin, he has been damaged in the sum of $5,000.00."

Defendants below went to trial upon their first amended original answers. In addition to a general denial each pleaded that on the occasion in question plaintiff was committing an assault upon one Hogan and that the defendant Chaffin used only reasonably necessary force to prevent the assault and to arrest the plaintiff; that the arrest was made at a time when plaintiff was committing a breach of the peace by making said assault.

The case was submitted on five issues. No. 1 was as follows: "Do you find from a preponderance of the evidence that defendant W. L. Chaffin used more force than was reasonably necessary to arrest the plaintiff J. M. Holliday on June 29, 1938? Answer Yes or No." The jury answered this question "No."

Issue No. 2 was submitted to be answered only in the event No. 1 was answered yes. It inquired if the plaintiff sustained personal injuries as a result of the unnecessary force.

No. 3 submitted damages, and its answer was conditional on an affirmative answer to No. 2. The jury answered as to neither two nor three.

Question No. 4 was as follows: "Do you find from a preponderance of the evidence that the defendant W. L. Chaffin attempted to stop a fight in which plaintiff J. M. Holliday and Skeet Hogan were engaged on June 29, 1938? Answer Yes or No." This question was answered "Yes" by the jury.

No. 5 was as follows: "Do you find from a preponderance of the evidence that the defendant W. L. Chaffin used only such force as was reasonably necessary to stop the fight, if you find that he did attempt to stop such fight. Answer by stating 'He used only necessary force,' or 'He used more force than necessary,' as you find the facts to be." The jury answered: "He used more force than necessary."

The verdict was returned into court by the jury, received by the trial judge and filed by the clerk. On the same day defendant filed a written motion for judgment on the verdict. The trial court refused to enter judgment on the verdict.

On the 7th day of July, 1939, the trial court entered judgment as follows:

"On the 26th day of June, 1939, the above entitled and numbered cause came on for trial, the plaintiff and the defendants appearing in person and by their attorneys and announced ready for trial, and a jury having been impaneled and sworn, the cause proceeded to trial and at the conclusion of the evidence the cause was submitted to the jury upon special issues, which said issues were by the jury answered and returned into Court. And it appearing to the Court that a conflict exists in the said jury's answer to said issues in that the answer to Special Issue No. 1 conflicts to (with) the jury's answer to Special Issue No. 5, and that a mistrial should thereby be declared in said cause:

"It is therefore, on this 7th day of July, 1939, ordered, adjudged and decreed by the Court that said jury's verdict be not accepted by the Court, and that a mistrial of said cause be and the same is hereby declared in said cause and that said cause be continued to the next term of this Court."

■ A special issue verdict which conflicts on ultimate issues submitted to the extent that if on one set of issues producing the conflict as to the other issues be disregarded judgment would be for one party, and if a reverse process be applied for the other, will not support a judgment. 41 Tex.Jur., page 1226, par. 361; Howard

v. Howard, Tex.Civ.App., 102 S.W.2d 473.

It is the duty of the trial court to render judgment in accordance with the verdict of the jury unless a new trial be granted by the court. If the trial court refuses to enter judgment under such circumstances, the performance of the duty will be enforced by mandamus. Gulf, C. & S. F. R. Co. v. Canty, 115 Tex. 537, 285 S.W. 296, 299, and cases cited therein. This opinion was expressly adopted by the Supreme Court, and has been followed in numerous cases since. In the course of the opinion Judge Powell said: "It is the well-settled law of this State that, 'when a jury renders a verdict in proper form, and responsive to the issues presented by the pleadings and submitted to them by the court, no discretionary power is vested in the court to set that verdict aside.' And, it is equally well settled, in this same connection, that 'the entry of a judgment upon a valid verdict involves no judicial or discretionary powers, but is simply a ministerial act, and, to enforce its performance by the district court, a writ of mandamus will issue from the Supreme Court in a proper case.' "

The Court of Civil Appeals has jurisdiction to enforce this duty by mandamus. American Nat. Ins. Co. et al. v. Sutton, Judge et al., Tex.Civ.App., 130 S.W.2d 441, and cases therein cited.

In the light of these well established legal principles, let us examine the verdict in this cause to the end that its sufficiency or insufficiency to support a judgment be determined.

Issue No. 1, literally construed, is that the jury do not find from a preponderance of the evidence that more force was used than was reasonably necessary to arrest the plaintiff. Implicit in this issue is perhaps the assumption that plaintiff Holliday was arrested by defendant Chaffin; that Chaffin was sheriff; and that plaintiff Holliday was lawfully arrested. With these implications the burden of proof on the issues was properly placed on the plaintiff. See Modesett v. Emmons et ux, Tex.Com.App., 292 S.W. 855.

No. 4 establishes that on the occasion in question Chaffin attempted to stop a fight in which plaintiff and Skeet Hogan were engaged.

A fair construction of No. 5, in the light of the manner in which the jury were instructed to answer thereto, is that Chaffin failed to establish by a preponderance of the evidence that he used only sufficient force as was reasonably necessary to stop the fight. We do not believe that the construction of the finding could be tortured into an affirmative finding that Chaffin used more force than was necessary in stopping the fight. If the jury believed from a preponderance of the evidence that only necessary force was used the response was to be, "He used only necessary force"; if they did not so find, to answer, as they did, "He used more force than was necessary."

It was on account of the conflict between special issues No. 1 and No. 5 that the mistrial was declared. In respondents' unverified answer it is stated, "but after the entry of verdict it appeared to the Court that issue No. 5 and No. 1 should have been consolidated, or that the jury should have been instructed that the stopping of the fight was one and the same occurrence and an integral part of the arrest itself; that the court, after considering the evidence and after the return of said verdict, arrived at the conclusion that the issues should have been so consolidated and that the facts conclusively showed that the stopping of the fight and the arrest were one occurrence, and arrived at the further conclusion that justice would be better served by setting aside the verdict of the jury and granting a new trial."

If the stopping of the fight and the arrest were one and the same occurrence, there is no conflict between No. 1 and No. 5. On the assumption of identity a proper construction of the finding as to No. 1 and No. 5 is that the evidence was evenly balanced on the issues. The jury was unable to determine either issue affirmatively from a preponderance of the evidence. There is no conflict in such case. The finding was logical and it requires no construction to reconcile same. Plaintiff without protest elected to have his theory of the case submitted in issue No. 1. Issue No. 1 was found against him. The judgment on the verdict was not in his favor despite the finding on issue No. 5. As generally supporting the views hereinbefore expressed see Perez v. Houston & T. C. R. R. Co., Tex.Civ.App., 5

S.W.2d 782; Swann et al. v. Wheeler, Judge, 126 Tex. 167, 86 S.W.2d 735; Southland Greyhound Lines, Inc., v. Richardson, Judge, 126 Tex. 118, 86 S.W. 2d 731; Allen v. Strode, Tex.Civ.App., 62 S.W.2d 289.

It is ordered that writ of mandamus issue as prayed for by complainants.