## LIGHTSEY v. RADTKE.

### No. 12072.

Court of Civil Appeals of Texas. Galveston.

April 14, 1949.

Rehearing Denied May 5, 1949.

W. J. Alexander, of Caldwell, for appellant.

Walter M. Hilliard, of Caldwell, for appellee.

GRAVES, Justice.

This was a civil suit for damages to his automobile by William S. Radtke, as plaintiff, against J. L. Lightsey, as defendant, growing out of an accident, in which plaintiff ran his car into and against a mule, alleged to belong to defendant, on State Highway No. 21, in Burleson County, Texas at about 10:00 o'clock p. m., on August 19, 1948; plaintiff relied alone for the recovery he sought, upon the violation of Article 1370a, of Vernon's Penal Code of Texas, by defendant, at such date and time, as having constituted negligence as a matter of law.

The court rendered a $670-judgment in plaintiff's favor against defendant, upon a jury's answers to special-issues, wherein, in substance, it found: (a) that defendant had violated the provisions of Article 1370a, of the Penal Code of Texas, in that he had permitted his mule to traverse and roam, at large, unattended, upon a designated State Highway in such County and State, the same being fenced on both sides of the right-of-way thereof, at the time and at the place where, such unattended traversing and roaming at large occurred; (b) that such violation was the proximate cause of the injuries to plaintiff's car; (c) that plaintiff had been damaged to the extent of $700 by reason of the injuries to his car; and (d) that $150 would reasonably compensate him due to the loss of the use of the car, while same was being repaired.

In this Court, while appellant assails the judgment so adverse to him below upon some 17 stated points-of-error, his fifth and sixth points are thought to embody the controlling issues-of-law raised upon the appeal. The most material parts of such points are these:

"Fifth Point: In connection with its instructions to the jury in regard to the terms and requirements of Article 1370a, of the Penal Code of Texas, in paragraph 4 of said charge, the court should have given to the jury a definition of the term 'Permit'; and a substantially correct definition of the term 'Permit', in such connection, was submitted to the court by defendant in paragraph 2 of his objections and exceptions to the charge of the court, and in paragraph 8 of the motion for a new trial.

"Sixth Point: The court should have submitted special-issues upon the affirmative defenses of defendant:

"(1). As to whether or not defendant was the owner of the mule involved in the accident;

"(2). As to whether or not the mule involved in the accident, if owned by defendant, escaped from defendant's premises without the knowledge, consent, and willingness, of defendant.

"And defendant requested the submission of such special-issues in his requested Special Charges Nos. 4 and 5."

It is determined that these quoted presentments point out reversible error in the respects therein indicated, that is: That, under the pleadings, the evidence, the court's charge, the verdict, and the consequent judgment, as so rendered, the appellant was denied the benefit of the special and affirmative defense he made below upon the sole controversy upon the facts involved—that is, whether he had permitted a mule of his to roam at large, unattended, upon the State highway within the meaning of P.C. art. 1370a, when he had at the time taken every reasonable precaution against permitting his mules to so escape to the highway by enclosing them within his pasture; that his mules had been confined within his own enclosure on the night in question within secure premises; that inspections by himself and his employees thereof had been made up until near midnight on the 19th of August, 1948; that he

had consequently used all reasonable diligence to prevent his mule from escaping from such premises at that time, and if it had done so, it had escaped without his knowledge, or fault, or that of his employees.

The material part of such Article 1370a is this: "Sec. 1. Any person owning or having control of any horse, mule, donkey, cow, bull, steer, hog, sheep, goat or any other livestock who permits the same to traverse or roam at large, unattended, on the right-of-way of any designated State Highway in this State where the same is enclosed by fences on both sides shall be guilty of a misdemeanor and upon conviction shall be fined in any sum not exceeding Two Hundred ($200.00) Dollars."

The briefs are extended and discuss many collateral questions, but, as indicated, as applied to the affirmative defense so declared upon by the appellant, it is held that the court's judgment, resting as it did upon the recited answers of the jury to the special-issues, failed to—either in the court's charge, or the special-issues submitted, or in the judgment rendered—give appellant advantage of this special defense he made on such sole issue-of-fact involved; to the effect that he had not permitted his mule to escape, but on the contrary, had taken every reasonable precaution against such a happening, and that he was entitled to a finding by the jury and the court thereon.

Among many authorities, appellant relies upon Schumacher v. City of Caldwell, 146 Tex. 265, 206 S.W.2d 243, by our Supreme Court, while in turn, appellee cites as controlling the controversy, Adamcik v. Knight, 170 S.W.2d 521, by the Austin Court of Civil Appeals.

█ It is the conclusion of this Court that the principle applied in the Schumacher case, to the effect that the mere fact that an animal is at large is not, necessarily, a violation of such a stock-law statute, and where it escapes from the owner's premises and runs amuck, as was so charged in this instance, through no fault of his, he is not guilty of a violation thereof, applies here.

It is true that in somewhat similar cases of this sort, where the gravamen of the wrong declared upon was the violation of a statute, it is said that the court should charge the violation in the language of the statute itself; but, even in those instances, all the elements necessary to show a violation must also be submitted; Gulf, C. & S. F. R. Co. v. Locker, Tex.Com.App., 273 S.W. 831; Swann v. Wheeler, 126 Tex. 167, 86 S.W.2d 735.

Whereas in cases like the present one, where the defense is both plead and testified to that if the animal escaped at all, it did so without fault on the part of its owner, and in the face of reasonable diligence and precaution on his part to prevent it, it seems plain that all such necessary elements were not submitted.

Wherefore, he was not shown to have committed any offense against the law.

That rule of law in Texas seems now firmly established, as the Supreme Court so held in the cited Schumacher case, wherein it quoted from a prior declaration of the same Court, through Mr. Justice Williams, to the same purport, in Texas & P. R. Co. v. Webb, 102 Tex. 210, 114 S.W. 1171, 1173.

Moreover, it is not thought that the Adamcik v. Knight case, so relied upon by the appellee, which apparently never reached the Supreme Court, contains any authoritative holding to the contrary, since its key-holding appears to have been upon the question of where the burden of proof lay in that instance.

In other words, it did not go to the extent of holding that such an affirmative defense as was in this instance plead, requested to be submitted, and denied consideration by the jury, did not constitute, if true, a material defense against the sole charge involved here—that appellant had violated the literal terms of this penal State law.

█ It would be going beyond the requirements to review the many authorities cited by the parties here, or to pursue the other features on the extended controversy between them on other issues before the court and jury. Suffice it to say that the appellee, upon his part, insists that the holding of the Court of Civil Appeals in the Adamcik case settled this controversy under the jury's verdict in his favor;

whereas, the appellant, in turn, contends that, as against his affirmative pleading and proof to the contrary, the mere showing that the mule belonged to him and was unattended on the highway did not convict him of a violation of the cited statute since he had used due diligence to prevent and was without any knowledge of the happening of such collision.

While appellant insists he was entitled to a peremptory instruction in his favor below, because the testimony of himself and his witnesses to such precaution upon his part was undisputed, this cannot be sustained, since this Court may not determine that the jury would have accepted such testimony as true.

These conclusions require a reversal of the judgment, and a remanding of the cause for another trial, not inconsistent with this opinion. It will be so ordered.

Reversed and remanded.