Adela C. FLORES, Appellant,

v.

Roy D. BARLOW, Appellee.

No. 10922.

Court of Civil Appeals of Texas.

Austin.

Jan. 17, 1962.

Rehearing Denied Feb. 7, 1962.

Edwards & Yturri, McDonald, Spann & De Anda, Corpus Christi, for appellant.

Keys, Russell, Keys & Watson, Corpus Christi, for appellee.

HUGHES, Justice.

Adela C. Flores, appellant, brought this suit as sole survivor of her deceased son, Cecilio Flores, under Arts. 4671–4678, Vernon's Ann.Civ.St. (Wrongful Death Statutes).

The wrongful death of appellant's son is alleged to have occurred in the collision of a flatbed truck operated by Cecilio Flores, and a 1954 Chevrolet Pickup Truck operated by appellee, Roy D. Barlow, on U. S. Highway 77 in Driscoll, Nueces County, at approximately 10:50 A.M., September 28, 1956.

At the time just preceding the collision, both vehicles were traveling in the same southerly direction on Highway 77, which, at the place of the collision, is fifty feet wide and is not a laned highway.

Appellee's vehicle was in the lead and was in the process of making a right turn at a street intersection with the highway when the Flores vehicle struck the right side of appellee's pickup truck. Both vehicles slid into a telephone pole located on the southwest corner of the highway—street intersection. There were no skid marks from braking made by either vehicle and no evidence that the driver of either vehicle applied the brakes before or after the collision. Cecilio Flores died almost immediately.

Trial to a jury resulted in a verdict finding the operators of both vehicles guilty of acts of negligence which were proximate causes of the collision. Upon this verdict, judgment was rendered for appellee.

■ Point One is that the Court erred in permitting the witness, J. D. West, to give his opinion of the speed of the vehicles at the time of their collision when such opinion was based entirely upon the damaged condition of the vehicles after the collision. J. D. West was a highway patrolman employed by the Department of Public Safety. He had investigated highway accidents for the Department for nine years. He had been trained for this work. He investigated this collision and was called as a witness by appellant.

Following a number of questions to the witness, objections of counsel, rulings of the Court and voir dire examination of the witness, he gave his opinion, on cross examination, to the speed of the vehicles at the time of their impact as follows:

"A My opinion the truck was not exceeding the legal limit, which is 45—45 is the maximum speed limit in Driscoll—my opinion the truck was not exceeding the 45 mile an hour speed limit, and the pickup was not exceeding 15 to 20 miles an hour.

"Q All right. Now, that is based on your observation of the scene of the accident itself?

"A Yes, sir.

"Q You are not qualified and cannot express a relative rate of speed, assuming the pickup standing still and the flat bed truck running into it?

"A I would still say the truck was not exceeding 45.

"Q Based on that, now you base that upon the condition of the pickup truck on the right side and proceeding in front of the flat bed truck?

"A Yes, sir, I would still say it.

"Q All right, so that under those circumstances whether the pickup truck would be standing still or running would make no difference because you only consider the right-hand damage to the pickup truck and front end damage of the stake bed truck?

"A I base that, sir, on the damage in the point of impact, was not exceeding the speed limit, and that is also for the pickup truck speed still would be the same thing, that is with the truck, and I still say would not be exceeding the speed limit.

"Q Not going over 45 miles an hour?

"A Yes, sir.

"Q You say that is the basis of your opinion of the speed in the vicinity of this accident?

"A Yes, sir."

The jury was asked and found that just prior to the collision Cecilio Flores operated the flat-bed truck, the following vehicle, at a greater rate of speed than was prudent under the circumstances, and that this was a proximate cause of the collision.

Appellee contends that there was no proper objection to the above testimony. We disagree. We quote from the record:

"Q All right, give us your opinion of the speed of the pickup truck at the point of impact with the telephone pole?

"MR. EDWARDS: Your Honor, we note our objection that the question calls for a conclusion that the witness is not qualified to give.

"MR. WATSON: Your Honor, I think it is the same predicate laid for expression of other opinions.

"THE COURT: I think that same situation goes to the, probably to the weight more than admissibility. I will permit him to answer."

This question was withdrawn.

"Q Based upon the metal damage between the pickup and flatbed truck, are you qualified to express an opinion as to relative speed?

"A I could give an opinion on it.

"Q All right, what is your opinion of the speed of the flatbed truck in relation to the pickup truck?

"MR. EDWARDS: We again interpose objection to the qualification of the witness to give the conclusion. The question, as re-worded, it calls for a conclusion for which he is not qualified, and may I have him on voir dire a minute to clarify my position?

"THE COURT: All right."

During such voir dire examination, the following transpired:

"Q Do you know whether or not you can make an estimate of speed based solely on the metal damage without taking into consideration the weight of the vehicles involved?

"A No, sir. I am basing my opinion on the other accidents I have worked estimating speeds.

MR. EDWARDS: Your Honor, we renew our objection to any opinion as to actual speed of these vehicles based on the metal damage on the basis that the voir dire examination shows he is not qualified to give such opinion."

Further cross examination was resumed, from which we quote:

"Q All right, is your opinion that you could express on speeds here based upon the same type of information that your opinion of point of impact was based upon?

"A My experience would be the only way I could estimate the speed.

"Q And is that the only thing you are relying on in establishing the point of impact, the debris you found at the time, based upon your experience?

"A Yes, sir.

"MR. EDWARDS: I think the point we objected to, what he testified to, that is, he had had no training in determining the point of impact.

"MR. WATSON: We submit it goes to the weight rather than the admissibility of his testimony.

"THE COURT: I will overrule the objection.

\*      \*      \*      \*      \*      \*

"Q But based upon the damage to the pickup and flatbed, based on your experience, are you qualified to express an opinion of the rate of speed of the flatbed truck relative to the pickup truck?

"MR. EDWARDS: Also, I object on the ground of assumption that the pickup truck was in a stationary position, as phrased in Counsel's question, and my point is, my objection because you don't know how to estimate, you don't know the speed of the pickup truck, so you have to assume it was standing still, and that is contrary to the facts, and I object on that ground.

"MR. WATSON: We can assume an hypothetical situation in putting the interrogation.

"THE COURT: I think the jury would probably—

"A I can give you my opinion of how fast I think the pickup was going and how fast I think the truck was going.

"Q If that is the way you could answer it give it to us.

"A I could state—

"MR. EDWARDS: Your Honor, may we have for the record, may we have the objection, same objection to this particular type of evidence?

"THE COURT: Yes, sir."

We believe a fair appraisal of the above record is that the Court and counsel knew and understood that the basic objection of appellant to the testimony of the witness was that he was not qualified to express an opinion as to the speed of the vehicles based solely on their damaged conditions after the collision.

It has been held that such opinion testimony is inadmissible. Union Bus Lines v. Moulder, 180 S.W.2d 509, San Antonio Civil Appeals, Fisher v. Leach, 221 S.W.2d 384, San Antonio Civil Appeals, writ ref., N. R. E. and Anderson v. Broome, 233 S.W. 2d 901, El Paso Civil Appeals.

In Moulder, Justice Norvell, in rejecting opinion testimony of speed based on impact damage alone, and in reversing the case because of the admission of such testimony, noted that there was an absence of evidence of technical or scientific support for such opinion. There is a similar absence of such evidence here.

We follow the above decisions and hold that such opinion evidence was inadmissible.

Appellee testified that his speed was 8 or 10 miles per hour at the time of impact. He testified that Flores' truck was "going fast" when it overtook him, and that it was going "faster" than he was going. Mrs. D. C. Lee testified that the "back (Flores) truck flew into the front one."

We are of the opinion that this evidence as to speed was not of such cumulative nature as to be harmless under the rule that the presence of other admissible evidence sufficient to determine the issue renders the admission of incompetent opinion evidence harmless. This testimony of this officer, an impartial witness whose credibility was vouchsafed by appellant, was the only specific testimony as to the speed of the Flores vehicle. Under these circumstances the jury was entitled to accord it unusual weight. We believe its admission to be harmful error under Rule 434, Texas Rules of Civil Procedure.

Appellee also seeks an affirmance under the following jury finding:

"19. Do you find from a preponderance of the evidence that immediately before the collision in question Cecilio Flores was following the pickup more closely than was reasonable and prudent, having due regard for the speed of both vehicles and the traffic upon and condition of the highway?

"Answer: He was."

Subordinate issues as to negligence and proximate cause were found favorably to appellee.

It is to be observed that the jury was asked to answer this issue "having due re-

gard for the speed of both vehicles." The inadmissible opinion evidence as to speed of the vehicles probably influenced the jury in its answer to this issue for the reasons above given. The answer, therefore, is tainted with the same error which invalidates the jury answer to the issue finding deceased guilty of driving with imprudent speed at the time of impact.

Appellant objected to the submission of the issue inquiring whether Flores was following too closely, copied above, for these reasons:

"1. That there is no evidence to support the submission of such issue.

"2. That there is insufficient evidence to support the submission of such issue.

"3. For the reason that such issue as framed is a comment upon the weight of the evidence, in that it assumes that Cecilio Flores did or was following the pickup when there is no evidence in the record to indicate that Cecilio Flores was following the pickup, or in the alternative insufficient evidence in the record to create an issue of fact as to whether or not Cecilio Flores was following the pickup, and further indicates to the jury that the court believes that the vehicles were traveling in the same lane of traffic."

Art. 6701d, Sec. 61(a), V.A.C.S., provides:

"Following too closely—Sec. 61(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the conditions of the highway."

The issue submitted was substantially in the language of the statute, and was correct. Swann v. Wheeler, 126 Tex. 167, 86 S.W. 2d 735, Tex.Com. of Appeals.

Appellant contends that there is evidence in the record to the effect that the Flores vehicle was not completely and directly in the rear of appellee's vehicle and hence it was not "following" the preceding vehicle and the issue submitted so assuming was a comment on the weight of the evidence.

Bearing in mind that the highway here was not laned and that statutes specifically regulating traffic on laned highways are inapplicable here, we are of the opinion that appellant's construction of Sec. 61(a) is incorrect. It would lead to practical absurdities. A vehicle, under such construction, would not be "following" a preceding vehicle if it were one inch to the right, or left, of such vehicle even though it was only one inch behind such vehicle. We are loath to hold such conduct lawful.

■ It is our opinion that a vehicle traveling on an unlaned highway in the same direction as a vehicle preceding it on such highway is traveling, is "following" such vehicle within the meaning of Sec. 61(a), supra.

Other points made by appellant are with reference to matters not likely to recur on retrial, or at least not in the manner now presented, and a discussion of them would not be useful to the Trial Court.

■ We wish to point out, however, in view of several points made by appellant that there is no competent evidence of speed of the Flores vehicle, that speed may be proved by circumstantial evidence, and that force of impact etc. is admissible for this purpose. Sec. 6233–4, Vol. 9C, Blashfield, Cyclopedia of Automotive Law and Practice, Moulder case, supra.

The judgment of the Trial Court is reversed and this cause is remanded.

Reversed and remanded.

### ON APPELLEE'S MOTION FOR REHEARING

Appellee asserts that we are in error in stating that the opinion of officer West as to the speed of the vehicles was based solely on their damaged condition after the

collision, and refers to his testimony that he based his opinion on his experience, training and observations made at the scene of the wreck.

 Of course, testimony qualifying an expert to express an opinion is not substantive evidence, and has no relevancy to the issues being tried.

All observations made by officer West at the scene are subject to the same infirmities as those discussed in our original opinion relating to use of the extent of damage to the vehicles as a basis for forming an opinion as to their speed.

The motion is overruled.

Motion overruled.