Huldrick Alfred DAVIS et al., Appellants,

v.

Lynda Kay MOONEYHAM, Appellee.

No. 4248.

Court of Civil Appeals of Texas.

Eastland.

Sept. 20, 1968.

Crenshaw, Dupree & Milam, Cecil Kuhne and Joe H. Nagy, Lubbock, for appellant.

Anderson, Edwards & Warnick, Lubbock, for appellee.

GRISSOM, Chief Justice.

Lynda Kay Mooneyham sued Huldrick Alfred Davis and H. E. R. Construction Company, Inc., for $231,500.00 damages caused by the death of her husband when, while driving on U. S. Highway 87, he collided with the rear end of said construction company's truck, driven by Davis, as Davis was turning left from the side used by north bound traffic into a crossover in order to turn back south on that highway. The suit was filed in Dawson County. The defendants filed a plea of privilege to be sued in Midland County, where they reside. Plaintiff claimed the right to maintain the suit in Dawson County under exceptions 9a and 23 to Article 1995. Upon a trial to the court, the plea of privilege was overruled and defendants have appealed.

Appellants' first point is that the court committed reversible error in admitting, over defendants' objection, the testimony of patrolman Stone and plaintiff's exhibit 2, which was his sketch showing his guess of the position of said vehicles when they collided. Appellants say said testimony was particularly erroneous and harmful because the patrolman admitted that such testimony and sketch were merely his guess of the position of the vehicles at the time and that there were no signs on the highway, or other thing, from which he could know, or determine, their positions at the time. Tersely stated, plaintiff's exhibit 2, the patrolman's sketch showing his guess of the position of the vehicles at the time of impact, shows the truck to be where it should not have been, with its rear end extending into the north bound path of the Mooneyham automobile. The officer testified that his drawing showed the tractor was across the center of the crossover. It was thus evidenced that the Mooneyham car could not easily have continued on its northward path without striking the truck trailer because it was almost blocking the automobile's path. Officer Stone was asked the direct and simple question whether he was able to determine the position of the automobile or tractor from his investiga-

tion on the ground. He answered specifically that he could not; that it was just his guess; that he didn't know which way the vehicles were "aimed", one way or the other; that his investigation did not reveal the position of the truck because there were not enough skid marks that, by the use of triangulation, the trailer could be accurately placed in any certain position. After such admission, the testimony was again objected to because it was admitted that his said testimony and sketch were mere guesses and not based on anything found at the scene of the accident.

█ It is undisputed that U. S. Highway 87 north of Lamesa runs north and south; that it is a divided highway with two lanes for north bound traffic and two lanes for south bound traffic and that the accident occurred at an east-west crossover for the use of north bound traffic desiring to turn south, and that the end of the trailer was struck by the automobile as the truck driver was turning left into said crossover and Mooneyham was proceeding north on said highway. The vital question was whether the truck was, at least, partially blocking Mooneyham's path. Virtually all other testimony relative to these matters came from the defendant Davis and was contrary to the opinion and map, which, admittedly, were the mere guesses of the patrolman. Davis testified that he was making a left hand turn at the crossover, from the inside lane for north bound traffic, when he heard the brakes on the Mooneyham automobile squeal before the impact; that the cab of the truck was then already on the west side of the crossover with the trailer extending back into the west or left edge of the north bound traffic lane. The patrolman's evidence is to the contrary. Under this situation, the distinguished trial Judge in order to conclude, as he did, that plaintiff had, by a preponderance of the evidence, shown the venue facts required in order to come within exception 9a or 23, had to consider, and believe, the inadmissible testimony of the patrolman. Admission there of was error. It was reason-

ably calculated to cause and probably did cause rendition of an improper judgment overruling the plea of privilege. Jenkins v. Hennigan, Tex.Civ.App., 298 S.W.2d 905, 909 (Ref. n. r. e.); Union Bus Lines v. Moulder, Tex.Civ.App., 180 S.W.2d 509, 511; Wehner v. Lagerfelt, 27 Tex.Civ.App. 520, 66 S.W. 221; Flores v. Barlow, Tex. Civ.App., 354 S.W.2d 173; Pittman v. Baladez, 158 Tex. 372, 312 S.W.2d 210.

Appellants present other points which it would serve no purpose to discuss in detail. The admissible evidence was insufficient to sustain a finding that Davis was guilty of negligence which was a proximate cause of Mr. Mooneyham's death or that plaintiff's cause of action, or a part thereof, arose in Dawson County. Points to that effect are sustained, all others are overruled.

The judgment is reversed and the cause is remanded.